# CHARLESTON.

FARMERS & MERCHANTS BANK OF REEDSVILLE *v.* KINGWOOD NATIONAL BANK.

Submitted January 14, 1920.　Decided January 20, 1920.

1. PLEADING—*Common Law Duplicity Not Valid Ground of Demurrer.*

   The common law defect in pleading known as duplicity is not now a valid ground of demurrer in this state, it being one of mere form, constituting ground of special demurrer, and that kind of demurrer having been abolished by statute. (p. 373).

2. BANKS AND BANKING—*Counts in Declaration Alleging Guaranty of Note by National Bank Insufficient.*

   Counts in a declaration purporting to charge a national bank upon a guaranty of notes of a third person and being·uncertain and indefinite as to whether the bank acted as the mere agent of the parties to the notes or was the owner thereof or otherwise beneficially interested therein, are insufficient. (p. 373).

3. SAME—*National Bank's Guaranty of Another's Obligation for His Benefit Ultra Vires.*

   An agreement of a national bank to guarantee an obligation of another person for his sole benefit, though founded upon a valuable consideration, is *ultra vires* and does not bind the bank, unless the circumstances are such as work an estoppel. (p. 375).

4. SAME—*To Hold Collecting Bank Liable for Failure to Demand Payment of Notes and Bind Indorsers by Protest and Notice, Declaration Must Show Damages.*

   Neglect of a bank to demand payment of notes entrusted to it for collection and bind the endorsers by protest and notice, does not make it liable for the notes, as if it were surety, guarantor, maker or endorser, but only for such damages as have been sustained by the holder by reason of such negligence; and, to make out a case against the bank in his declaration,

he must allege such additional facts as will show that he has been so injured and damaged.  (p. 375).

5.  BILLS AND NOTES—*Signed in Blank Before Delivery is Liable Only as Indorser.*

By virtue of secs. 63 and 64 of ch. 98A, Code, the Negotiable Instruments Law, a person not otherwise a party to a note, placing his signature thereon in blank before delivery, is liable thereon only as an endorser.  (p. 376).

6.  STATUTES—*Act Comprehensively Dealing With the Subject Impliedly Repeals Previous Inconsistent Common or Statutory Law.*

A statute covering an entire subject and showing by its terms and provisions legislative intention to deal with it fully and comprehensively, is deemed to have been intended to be a substitute for all previously existing law applicable to such subject, and is, therefore, construed as having impliedly repealed such law, whether common or statutory, in so far as it is inconsistent with the terms of the statute.  (p. 376).

7.  BANKS AND BANKING—*Declaration Need Not Negative Facts Excusing Collecting Bank's Failure to Protest Paper.*

A declaration founded upon failure of a bank to protest negotiable paper entrusted to it for collection need not negative the existence of facts or circumstances excusing such failure. (p. 376). .

Certified Question from Circuit Court, Preston County.

Action by the Farmers' & Merchants' Bank of Reedsville against the Kingwood National Bank.  Demurrer to declaration overruled, and question certified.

*Affirmed in part.  Reversed in part.*

*Wm. S. John* and *A. G. Hughes,* for plaintiff.
*F. E. Parrack,* for defendant.

POFFENBARGER, JUDGE:

Having overruled a demurrer to the plaintiff's declaration purporting to charge the defendant with the amounts of two promissory notes, on the ground of guaranty of payment thereof and neglect to effect collection of them or fix liability upon the endorsers, by presentment, demand of payment, protest and notice, and to each of its several counts, the Circuit Court of Preston County has certified to this court its decision thereon for review.

The common counts treated as one, are in the usual form, and, as to them, the demurrer was properly overruled. They do not become immaterial by reason of the insertion of special counts indicative of reliance upon causes of action not embraced in them.

Although the first and second special counts both allege two grounds of action, breach of the alleged guaranty and negligence, and would be subject to the common law infirmity of duplicity, for that reason, that defect will not sustain the demurrer. Duplicity is a merely formal defect constituting ground of special demurrer at common law, and, as the special demurrer has been obolished by statute in this state, there is no form of demurrer by which these counts can be attacked on the ground of duplicity. Code, ch. 1125, sec. 29; *Coyle v. B. & O. Railway Co.,* 11 W. Va. 94; *Sweeney v. Baker,* 13 W. Va. 158, 201; *Poling v. Maddox,* 41 W. Va. 779 786. In point of form, the first and second special counts are single, but, in reality and substance, each of them constitutes two counts, for each of them alleges two distinct causes of action. Formally, they constitute two counts; actually, they embrace four. If they were not such as can be combined in one declaration, there would be a misjoinder of actions. *Sweeney v, Baker,* cited; *Creel v. Brown,* 1 Rob. 265; *Southern Express Co. v. McVey,* 20 Gratt. 264; *Harvey v. Skipwith,* 16 Gratt. 393; *Gary v. Abingdon Publishing Co.,* 94 Va. 775; *Booker v. Donohoe,* 95 Va. 361. As they both arise out of contract, they can be joined. An observation in *White v. Romans,* 29 W. Va. 571, 575, respecting the effect of mere duplicity, is inconsistent with the conclusion here announced, but both reason and the weight of authority in this state and elsewhere sustained the conclusion.

As to the guaranty relied upon, the allegations in the two counts are clearly insufficient by reason of their uncertainty and indefiniteness; if, indeed, they do not state a case upon which no action can stand, when properly interpreted. The terms can easily be read as making the defendant a mere agent of a third party for the purpose of negotiating the notes to the plaintiff and taking custody of the proceeds thereof and turning them over to the principal. Each count says the Lewis Lumber Co. executed its two notes for $1200.00 each, payable to its own

order and, after having obtained the endorsements of F. K. Paxton and T. W. Lewis thereon, delivered them to the defendant, a national bank, for the purpose of having them negotiated by the defendant and discounted; and that the defendant, for a valuable consideration, by a certain writing signed by its cashier on its behalf and directed to the plaintiff, forwarded the notes to the latter and, by said writing, guaranteed their payment, in consideration of acceptance thereof by the plaintiff and its discounting the same and placing the proceeds to the credit of the defendant.    There is no allegation of ownership of the notes by the defendant, its endorsement thereof nor its receipt of the benefit of the transaction.    If the declaration correctly narrates the manner in which the notes came into the hands of the plaintiff, there was nothing on the face of the papers nor in the circumstances, indicative of ownership thereof by the defendant or intention on its part to make sale of them or endorse or rediscount them.    They did not appear to have been owned or discounted by it, and the letter purporting a guaranty of payment indicated lack of such ownership and lack of intent to sell or rediscount the notes, for such a sale is ordinarily effected by endorsement and delivery of the paper, making a guaranty of payment unnecessary.    If the defendant was the agent of the Lewis Lumber Co., in the disposition of the notes and collection of the proceeds, it had no such interest in the paper as would legally justify or sustain the guaranty, as will be demonstrated by authority.    The allegation that the notes were discounted and the proceeds thereof placed to the credit of the defendant, on the books of the plaintiff, is not necessarily inconsistent with the theory of agency.    At most, this fact is a mere circumstance tending to prove the defendant's ownership of the notes or the proceeds thereof.    The defendant's mere direction to the plaintiff to place the proceeds of the notes to its credit and compliance with the request did not amount to a misappropriation of the notes or their proceeds by the defendant, if it was the agent of the Lewis Lumber Co.    That transaction amounted to no more than a convenient means of effecting the purpose of the agency, procurement of the proceeds of the notes for the Lewis Lumber Co.    The only additional allegation that can be deemed to be inconsistent with the theory of agency, revealed and sustained by the facts

narrated, is that the defendant, in the letter of guaranty, requested the plaintiff to discount the notes "for the defendant;" and that the plaintiff, confiding in the promise and undertaking of the defendant to guarantee payment, accepted and discounted them for the defendant.  This inconsistency, however, falls far short of the averment of the defendant's ownership or its reception of the benefit of the transaction, constituting a legal basis for its guaranty of payment:  In neither of the two counts, is there a clear, definite allegation of the capacity in which the defendant acted, or its relation to the notes.  If, in either of the two capacities indicated, the defendant could have guaranteed payment of the notes, the uncertainty and indefiniteness which characterize the allegation might be immaterial.  But, since, in the one case, the bank could not guarantee payment, and, in the other, it could, the counts lack that element denominated certainty to a certain intent in general, which the authorities uniformly hold to be essential in pleading, in so far as they attempt to set up a cause of action founded upon a guaranty.

They are equally indefinite and uncertain as to whether there was a sale of the notes.  As to it, they contain nothing but the argumentative allegation that the plaintiff was requested to discount them for the defendant and place the proceeds to the credit of the latter and did so.  This, as has been stated, may be interpreted, in the light of the other facts alleged, as a request to discount the notes for the defendant as agent and credit the proceeds to it for the purposes of the agency.

An agreement of a national bank to guarantee the debt of another person, solely for his benefit, is *ultra vires* and void. Michie, Banks and Banking, sec. 250.  This proposition is not denied in the brief filed for the plaintiff, but it is argued that the case as stated falls within an exception to the general rule. The plaintiff may have such a case as will be sustained by the authorities relied upon in the brief, (*Auten* v. *U. S. National Bank,* 174 U. S. 125, *Aldrich* v. *Chemical National Bank*, 176 U. S. 618, *Central National Bank* v. *Appleton*, 216 U. S. 196, and *Martin* v. *Webb,* 110 U. S. 7), but, if so, these two counts do not state it.

The substance of the third special count corresponds with

that of the second part of the first and second. It charges loss
and injury by reason of failure to demand payment, protest the
notes and give notice, the notes having been renewed several
times and the last renewals sent back to the defendant, before
maturity, for collection. In none of the counts, is there any
allegation of sufficient facts to warrant a recovery on the ground
of negligence. They proceed upon the theory that the negligence
alleged imposed liability for the amounts of the notes. The
failure of duty alleged imposed liability only for the damages
resulting from or occasioned thereby, which the plaintiff must
allege as well as prove. *Jefferson County etc. Bank* v. *Hendrix,*
147 Ala. 670, 1 L. R. A. N. S. 246; *First National Bank* v.
*Fourth Nat. Bank,* 77 N. Y. 320; *Borup* v. *Nininger,* 5 Minn.
523; *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S. 276;
*VanWart* v. *Woolley,* 3 Barn. & C. 439; Michie, Banks and
Banking, sec. 175, p. 1503. Many authorities hold that the
face of the note, check or bill in such case is *prima facie* the
measure of damages, but the question here presented is one of
pleading and therefore involves an accurate statement of the
basis of the right of action. All of the counts are utterly silent
as to the solvency of the maker and the endorsers. For all that
appears, they may have been and may still be perfectly solvent
and the plaintiff may not have suffered any actual loss or injury
from the negligence alleged. In the matter of collection, the
bank was a mere agent of the plaintiff and its negligence may
have been an injury unattended by damages. Story, Agency,
sec. 236.

Since the endorsements were irregular under the common law
and the apparent endorsers really makers or guarantors, there
was no necessity for protest, unless the statute known as the Ne-
gotiable Instruments Law has wrought such a change in the
common law as to relieve them from liability in any capacity
other than that of endorsers. If it has not, the common law
liability may be an element in the case to be noticed in the dec-
laration. It is generally, if not uniformly, held, however, that
the statute does work such a change and that a common law
irregular endorsement is now, by virtue of the statute, except as
between the endorsers, an endorsement and not a promise nor a
guaranty, unless the endorsement is qualified. *Rockfield* v.

*First Nat. Bank,* 77 O. St. 311, 14 L. R. A. N. S., 842; *First Nat. Bank* v. *Bickel,* 143 Ky. 754; *Banmister* v. *Kunst,* 53 Fla. 340; *Nimmell* v. *Weil,* 95 Ill. App. 19; *Deahy* v. *Choquet,* 28 R. I. 340; *Farquhar* v. *Highan,* 16 N. Dak. 106; *Tool* v. *Crafts,* 193 Mass. 110; *Peck* v. *Eastman,* 74 Conn. 456; *Gibbs* v. *Guaraglia,* 75 N. J. L. 168; *Perry Co.* v. *Taylor Bros.,* 148 N. C. 362; Dan. Neg. Inst. sec. 714, p. 806.    The motive of the statute is uniformity.    This may not be sufficient ground for the construction relieving from the common law obligation as being incident to the imposition of a uniform statutory obligation; but a firmly established rule of interpretation justifies the construction.    The statute is a comprehensive one covering the whole subject of negotiable instruments and manifestly was intended as a substitute for all other law, both common and statutory, relating to that subject.    Such statutes impliedly repeal all pre-existing law applicable to the subject and inconsistent with their terms.    *Grant* v. *B. & O. Railroad Co.,* 66 W. Va. 175; *State* v. *Harden,* 62 W. Va. 313; *State* v. *Mines,* 38 W. Va. 125; *United States* v. *Claflin,* 97 U. S. 546; *Eckloff* v. *District of Columbia,* 135 U. S. 240; *Morris* v. *Crocker,* 13 How. (U. S.) 429; *Mitchell* v. *Brown,* 1 Ell. & Ell. 267; *Parry* v. *Croydon Gas Co.,* 15 C. B. (N. S.) 568; *Heckman* v. *Pinckney,* 81 N. Y. 211; *U. S.* v. *Tyneu,* 11 Wall. 88; *Com.* v *Killiher,* 12 Allen (Mass.) 480; *State* v. *Campbell,* 44 Wis. 529.

The brief filed in support of the court's ruling seems to proceed upon the theory of duty on the part of the plaintiff to negative in its declaration, the existence of grounds of excuse for failure to protest the notes.    That is obviously matter of defense and must come from the defendant in some form.    It need not be dealt with in the declaration.

For the reasons stated, we are of the opinion that the court below properly overruled the demurrers to the whole declaration and the common counts, but should have sustained the demurrers to all of the special counts, and we so hold and decide.

*Affirmed in part.    Reversed in part.*