ORPHA COLLINS, *Administratrix, etc. v.* DRAVO CONTRACTING COMPANY

(No. 7639)

Submitted September 12, 1933.   Decided October 17, 1933.
(Rehearing denied December 12, 1933)

230

*Herbert Stansbury, J. Thos. Ward* and *A. M. Belcher,* for plaintiff in error.

*Koontz, Hurlbutt & Revercomb,* for defendant in error.

KENNA, JUDGE:

Orpha Collins, administratrix of the estate of James Collins, deceased, brought an action for wrongful death of her decedent against Dravo Contracting Company in the circuit court of Kanawha County. The action was properly matured, and on February 18, 1933, an amended declaration in one count was filed. For the purposes of this writ of error, the original declaration has been abandoned. The amended declaration alleges that on the 23rd day of April, 1932, the defendant was engaged in the construction of certain locks in the Kanawha River at or near Marmet, and that in that work it employed James Collins as a workman in an excavation under an overhanging bank; that it was the duty of the said defendant to use due and proper care to provide him with a reasonably safe place to work; to provide proper equipment and appliances; that the defendant wholly disregarded the performance of such duties, and "caused the said plaintiff's decedent unlawfully, wilfully, deliberately, and with deliber-

ate intent, and wrongfully and negligently to work in an unsafe place where his life was endangered, and with deliberate intent, to injure or kill him, all of which was known to the defendant and those acting for the defendant'', etc., in this to-wit: ''The bank where the excavation was being made had broken, all of which the defendant well knew and understood, and the probability of caving in and destroying the life of the plaintiff's decedent was expected and well understood by the said defendant and those engaged in its service and responsible for the construction aforesaid; that many times prior to the caving in of the bank which caused the death of plaintiff's decedent, the said bank had caved in causing great quantities of earth to slide or fall into the place where plaintiff's decedent was ordered to, or required to · work; that the danger of the bank again sliding, or the danger of it momentarily sliding or caving in was so apparent that the said defendant, at all times, had notice and was charged with notice that the place where plaintiff's decedent was required to work was nothing more or less than a death-trap; that the condition of the said bank above where the plaintiff's decedent was working was such as to cause, and it was the duty of the defendant to cause, the said bank to be protected or properly sloped so as to prevent its slipping down or falling upon the plaintiff's decedent; yet, disregarding all of the defendant's duties so owed by the defendant to the plaintiff's decedent, as aforesaid, the said defendant, wholly, wilfully, deliberately, wrongfully and negligently, failed and with deliberate intent to injure or kill him, refused so to do, and by virtue of such wholly, wilful, wrongful, deliberate, and unlawful negligence, the said bank caved in and by result of such caving of such bank, the plaintiff's decedent was entombed, and because of same, died by reason thereof, in the County and State aforesaid.'' The declaration further alleges that the defendant elected to comply with the requirements of the Workmen's Compensation Act, paid the premiums, but failed to post and keep posted the notices prescribed by that act.

To this declaration, the defendant filed special plea No. 1, setting forth an election under, and a detailed compliance with, the Workmen's Compensation Act, including notice to

plaintiff's decedent of that election and compliance. In addition, defendant filed its special plea No. 2, alleging that the plaintiff had applied for and been awarded compensation under the Workmen's Compensation Act by reason of the injury complained of in her declaration, and had received and accepted all compensation paid, and therefore that the right in the declaration alleged could not be maintained.

Plaintiff moved to strike out both of the defendant's special pleas (Quaere: Since the enactment of Code, 56-4-36, can the sufficiency of pleas be tested in this manner?) on the ground that, under the declaration, the plaintiff would be entitled to recover, whether or not the allegations of the special pleas were established, and, upon the court overruling the motion, proceeded to file her replication alleging the failure of the defendant to give notice under the Workmen's Compensation Act of its election to pay premiums and subscribe thereto prior to the injury to plaintiff's decedent. The issue thus raised was submitted to a jury and after all of the evidence of the defendant in support of its special pleas had been offered, plaintiff moved to strike out the evidence offered by the defendant, and, upon this motion being overruled, the case went to the jury upon the issue joined on the defendant's special pleas, and the jury found in favor of the defendant, upon which finding judgment was entered, and from that judgment this writ of error is prosecuted.

Plaintiff argues here that the court below erred in regarding defendant's special plea No. 1, as a complete defense to her declaration, because, she says, her declaration alleges that injury inflicted upon her decedent, resulting in his death, was inflicted ''with deliberate intent to injure or kill'' on the part of the defendant, in which case, she is entitled to recover in spite of an election on the part of the defendant to subscribe to and pay into the Workmen's Compensation Fund and also in spite of any benefits the plaintiff may have received from that fund by way of compensation. This position undoubtedly is sound under the terms of the act itself, provided that the averments of the declaration are sufficient to bear it out. Code, 23-4-2.

The defendant, on the other hand, argues here that the plaintiff's declaration was in one count, that that count pro-

ceeds upon the theory of common law negligence only; that it alleges a common law duty and a breach thereof; that the facts alleged in the declaration constitute mere acts of omission, negative in nature and not susceptible of having been done with deliberate intent to injure or kill; that such allegations are repugnant to an allegation that the injury was caused by deliberate intent to injure or kill on the part of the employer; and that in the absence of sufficient allegation to sustain a charge of deliberate intent to injure or kill, the defendant's special plea is a complete defense and verdict and judgment thereon is conclusive.

There is no doubt that this declaration is double, that is to say, that the single count sets up more than one basis of recovery. A duplicitous pleading, however, is objectionable in form only, and cannot be taken advantage of by general demurrer. And, since special demurrers are abolished in West Virginia, the objection cannot be reached in that way. *Sweeney* v. *Baker*, 13 W. Va. 158, 200, 31 Am. Rep. 757; *Farmers & Merchants Bank, etc.* v. *Kingwood National Bank*, 85 W. Va. 371, 101 S. E. 734; *Napier* v. *Coal Company*, 86 W. Va. 220, 103 S. E. 125; *McMechen* v. *B. & O. R. R. Co.*, 90 W. Va. 21, 110 S. E. 474. The remedy is for the objecting party to require an election of the pleader as to which of the matters of recovery or defense he will rely upon at the trial. *Morriss* v. *White*, 146 Va. 553, 131 S. E. 835. The rule, however, is different if the two or more matters are repugnant, in which case, they destroy each other, and, being neutralized, there is no plea. *National Bank* v. *Jones*, 13 Wash. 281, 43 P. 331, 48 L. R. A. 177, and note; Andrews' Stephen's Pleading, p. 177; 21 R. C. L. 454. In *Town of Cameron* v. *Hicks*, 65 W. Va. 484, 64 S. E. 832, the first point of the syllabus is as follows: "In their general nature, the rules of interpretation and construction, applicable to pleadings, are the same as those pertaining to other writings and documents." So that our inquiry here is not a mere matter of determining whether the plea is double or duplicitous, but is an inquiry as to whether the matters alleged in the declaration are so fundamentally inconsistent as to destroy each other and thus constitute a fatal repugnancy.

The position of the defendant is, in effect, that, in order

to constitute a ground of recovery upon the plaintiff's theory, the acts complained of must be affirmative acts set in motion by the employer for the sole purpose of inflicting injury or death upon the employee. Defendant says that mere acts of omission constitute negligence only, and that such negligence is inconsistent with and repugnant to deliberate intent. Conceding that there is great conflict in the authorities and much confusion in dealing with the matter of intent in the decided cases, we do not believe that this theory proceeds upon lines of sound reason. The Workmen's Compensation Act has for its basis the relationship of master and servant. The duties owed by the master to the servant are in the main affirmative, and, consequently, the breaches of these duties are, to the same extent, acts of omission. We cannot see why the master cannot omit to perform a certain duty imposed by law upon him with the deliberate intent by so doing to inflict injury or death upon his employee. Of course, this is not to say that negligence and deliberate intent to injure or kill can be relied upon at the same time where timely advantage is taken of the double averments. The two bases for recovery are different, especially where the Workmen's Compensation Act is concerned. There was no advantage of the faulty pleading taken or attempted here, the defendant contenting itself with a plea that was responsive to the part of plaintiff's declaration which proceeded upon the theory of negligence, leaving that part of the declaration which proceeded upon deliberate intent to injure or kill without challenge.

But the defendant further says that *the facts* alleged in plaintiff's declaration are inconsistent with a deliberate intent, and that the allegation of intent, therefore, is the allegation of a mere conclusion of law which cannot stand with the facts relied upon. We do not believe that this reasoning can be permitted to stand. If the defendant permitted the conditions set forth in the declaration to exist; if they were conditions that would naturally result in injury or death to its employees, and lent themselves to that purpose; if the defendant, prior to the happening that resulted in the death of plaintiff's decedent, knew full well that such conditions existed; then, however difficult the proof may be when it comes to that, as a matter of pleading, we cannot see why the

very conditions alleged as matters of fact might not have been permitted to continue with the deliberate intent on the part of the employer, and with a design, that their continuance should cause injury or death or both to its employees. We do not say that deliberate intent to injure can be inferred from the facts set up in this declaration. We merely hold that the allegations are sufficient to admit evidence, in addition to the facts alleged, to show such intent. As to the averment being a conclusion of law, we think it is the averment of an ultimate fact. *Town* v. *Hicks,* 65 W. Va. 484, 491, 64 S. E. 832. There are definitions of intent in the books more variant. than the manifold uses to which that word is put. They range from the statement that a man is presumed to intend the ordinary and usual consequences of his acts, to definitions which make intent practically depend upon the existence of actual malice. In its nature, it is bound to be the existence of a state of mind, and since that state of mind must be arrived at in proof by the establishment of facts extraneous to the mind itself, it seems to us that it is always bound to be a deduction or conclusion from the facts so established. In the very nature of things, these facts, in the main, are matters of evidence and not of pleading. The pleader of intent cannot be required to set forth in his paper the minutiae of proof that he relies upon to show the existence of intent. He must allege facts which, coupled with the existence of a certain intent, answer his legal requirements. He cannot be expected to demonstrate by facts set up in his pleading that it is inevitable that such intent exists.

The question is raised that no recovery can be had in this action by the administratrix because Code, 23-4-2, gives the right of action to "the widow, widower, child or dependent of the employee". We do not think this contention well founded. The statute in question gives the right of action "as if this chapter had not been enacted." If it had not been enacted, then for death by wrongful act the personal representative sues under Code, 55-7-6, and that section, including its limitation of recovery, would apply to the extent not inconsistent with Code, 23-4-2. Since Code, 23-4-2, names the beneficiaries who take, the recovery under its terms would be distributed to "the widow, widower, child or dependent" and

not in accordance with Code, 55-7-6. But it is the personal representative who sues subject to the difference in distribution of any recovery.

For the reasons stated, it is our opinion that the trial court erred, considering that no advantage was taken by the defendant of the double nature of plaintiff's declaration, in not requiring the issue to be made up in such manner as to exclude recovery upon any theory of the plaintiff's declaration. We believe the declaration is sufficient to require the defendant to go to trial upon the theory of deliberate intent to injure or kill. Since this was not done, and since thereby plaintiff was obviously prejudiced, the judgment of the circuit court is set aside and plaintiff awarded a trial upon the cause of action set up in the declaration and not tried. Leave is granted both parties to amend their pleadings or to further plead in conformity with this opinion. Since the verdict of the jury upon the issue tried is not complained of and appears to have been without error as to that issue, it is not disturbed.

*Reversed and remanded.*