HESTER MAYNARD, *Admx. v.* ISLAND CREEK COAL COMPANY, *A Corporation*

(CC 503)

Submitted May 10, 1934. Decided June 12, 1934.

250

*Lilly & Lilly* and *F. F. Scaggs,* for plaintiff.
*Robert Bland* and *Chas. L. Estep,* for defendant.

MAXWELL, JUDGE:

This certification presents the question of the sufficiency of a declaration to which the trial court sustained a demurrer.

It is alleged in the declaration that on the 11th of March, 1932, plaintiff's decedent, Fletcher Pack, was killed in the course of his duties as an employee of the defendant in the operation of a coal mining plant; that the defendant was then a subscriber to the workmen's compensation fund but had not posted notices of that fact as required by law (Code, 23-2-7); that part of defendant's equipment, to-wit, a certain coal conveyor consisting of a continuous chain of buckets, had become out of repair; that it was repaired by an employee of defendant by the insertion of a bolt which extended above the

surface or covering of the conveyor at a place where the covering of said conveyor was broken, and the continuously moving buckets exposed; that plaintiff's decedent stumbled over the protruding bolt and fell into the conveyor and was killed; that the conveyor covering had frequently been out of repair; "that the danger of the said conveyor or tramway again breaking and becoming open, or the danger of it momentarily coming open in the course of its operation, thereby exposing the buckets or carriers was so apparent that the said defendant, at all times, had notice and was charged with notice that the place where the plaintiff's decedent was required to work was nothing more or less than a death trap"; that the defendant through its willful, deliberate, and unlawful negligence in permitting the conveyor to become open and the bolt improperly to protrude thereby disregarded its duties to the plaintiff's decedent "with deliberate intent to injure or kill him".

The declaration is framed primarily with the idea of bringing the case within the exception of Code, 23-4-2, which provides that an employer, subscriber to the workmen's compensation fund, shall not be relieved by the compensation act from liability for damages on account of injury to or death of any employee caused by the "deliberate intention" of the employer to produce injury or death of the employee.

In support of plaintiff's position, strong reliance is placed on the case of *Collins* v. *Dravo Contracting Co.*, 114 W. Va. 229, 171 S. E. 757. That case involved a situation where an employee working in a deep excavation was killed by a fall of earth. It was alleged that the bank was overhanging; that there had been previous breaks, known to the employer; that the probability of further breaks was known to the employer; that it anticipated such further breaks; that the danger of further falls of earth "was so apparent that the said defendant, at all times, had notice and was charged with notice that the place where plaintiff's decedent was required to work was nothing more or less than a death-trap."

In that case, Judge Kenna, speaking for the Court,

stated: "We do not say that deliberate intent to injure can be inferred from the facts set up in this declaration. We merely hold that the allegations are sufficient to admit evidence, in addition to the facts alleged, to show such intent. As to the averment being a conclusion of law, we think it is the averment of an ultimate fact." Discussing the meaning of the word "intent" as used in the statute, he said: "In its nature, it is bound to be the existence of a state of mind, and since that state of mind must be arrived at in proof by the establishment of facts extraneous to the mind itself, it seems to us that it is always bound to be a deduction or conclusion from the facts so established. In the very nature of things, these facts, in the main, are matters of evidence and not of pleading."

One of the basic objects of the workmen's compensation law is to relieve employers of the harassment of damage actions for personal injuries to employees. A subscribing employer who has paid the premiums assessed against him and otherwise complied with the statute is absolutely exempted from liability to employees for injuries received by them in the course of and resulting from their employment, except, if such injuries be willfully inflicted by the employer, the fact that he is a subscriber to the workmen's compensation fund will not relieve him from common law liability.

The compensation law provides for compensation for injuries whether arising from unavoidable accident or caused by the employee's carelessness or the employer's negligence. The degree of an employer's negligence in a given instance is not determinative of the status of the employee's rights. The statute does not provide, and cannot be interpreted to mean, that if the employer is mildly negligent he shall be protected by the compensation act, but that if he is grossly negligent he shall not be protected. Whether through further legislative refinement a differentiation can or should be made between the degrees of negligence of employers is a matter not relevant for judicial discussion. Our point is that under the existing statute, negligence must be considered in its

entirety and not gradationally. The alleging of gross negligence does not change the status between employee and employer, under the workmen's compensation statute.

Gross negligence is not tantamount to "deliberate intention" to inflict injury. It may be that the carelessness, indifference and negligence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury. But in the very nature of things, a showing which would warrant such finding would have to be clear and forceful in high degree. Even in the *Collins* case, *supra,* notwithstanding the incriminatory and revolting nature of its allegations, we held merely "that the allegations are sufficient to admit evidence, in addition to the facts alleged, to show such intent."

In our opinion, the facts pleaded in the *Collins* case present a far more aggravated situation than the facts pleaded in the case at bar. Seldom can facts be pleaded presenting a condition comparable to that which was pleaded in the *Collins* case. The amended declaration therein alleged facts from which the natural and probable consequence reasonably to be anticipated was death to the employees who might be put to work beneath the overhanging earth. A kindred situation is not pleaded at bar. The result of the stumbling was characterized by fortuitousness rather than by anticipated sequence.

While the declaration is not good on the deliberate intention theory, it does present a prima facie case of negligence. Duty, breach and consequence are sufficiently averred. A similar situation was dealt with in the *Collins* case, *supra.* See discussion there. The plaintiff is entitled to a trial on the negligence theory.

But, in further support of the demurrer to the declaration, it is urged that the allegation that the defendant had failed to post notices as required by the statute is not sufficient to place the case beyond the pale of the compensation law; that, in addition, there should be an averment that the plaintiff's decedent did not possess the information that the defendant was a subscriber to the compensation fund.

The object of notice is, of course, to inform the employee of the situation so that he may elect whether he will remain in the employment. Actual knowledge of an employee will relieve the employer as effectually as notice posted in statutory manner. *Daniels* v. *Charles Boldt Company,* 78 W. Va. 124, 128, 88 S. E. 613.

An employee may sue in tort an employer not protected by the workmen's compensation law. Such non-protection may arise from his not being a subscriber to the workmen's compensation fund, or, if a subscriber, from his being in default as for example, for failure to pay premiums or to post notices as required by the statute. If the latter dereliction is the one relied on by the employee to deprive the employer of the protection of the compensation act, the averment of such dereliction constitutes a prima facie presentation in that particular. If proved, the burden is then cast upon the employer to show, if he can, that though notices were not posted, the employee nevertheless had knowledge that the employer was a subscriber to the workmen's compensation fund. This seems logical, consistent and practical. The converse would involve inconsistency and impracticability. For example, in the case of a deceased employee, as at bar, the personal representative would be rquired to allege and prove a negation, that is, that the deceased employee did not have actual knowledge that his employer was a subscriber to the workmen's compensation fund. This would be illogical, if not in fact involving in many instances an absolute impossibility. For, how prove what was not in the mind of a man now dead? On the other hand, if the deceased employee received actual notice from the employer or one of his representatives, such fact would not be difficult of proof.

We are of opinion to reverse the judgment of the trial court, overrule the demurrer and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*