ROBERT SHREVE, *An Infant, etc.*

*v.*

NELL E. FARIS

(No. 11040)

Submitted September 22, 1959. Decided December 1, 1959.

S. *Robert Reiter*, for plaintiff in error.

*Handlan, Garden, Matthews & Hess,* for defendant in error.

HAYMOND, JUDGE:

In this action of trespass on the case instituted in the Circuit Court of Ohio County, the plaintiff, Robert Shreve, an infant under the age of twenty one years, who sues by his next friend, seeks to recover damages from the defendant, Nell E. Faris, for present and future reasonable and necessary expenses for medical, hospital and domestic services and for loss or impairment of consortium, which have resulted and will result from personal injuries to his wife Martha Shreve, which he alleges were caused by the negligence of the defendant.

Upon the trial of the case in October, 1958, the circuit court refused to submit to the jury future medical and hospital expenses and any loss or impairment of consortium as elements of damages which the plaintiff seeks to recover and instructed the jury to return a verdict for the plaintiff for only the amount of the actual medical, hospital and domestic expenses incurred by the plaintiff to the date of the trial amounting to $1,416.75. In response to such instruction the jury returned a verdict in that amount. On October 3, 1958, the circuit court overruled the motion of the plaintiff to set aside the verdict and grant him a new trial and entered judgment in favor of the plaintiff for the amount of the verdict with interest and costs. To that judgment this Court granted this writ of error upon the application of the plaintiff.

The plaintiff assigns as error the action of the circuit

court: (1) In limiting the verdict of the jury to the amount of the actual medical, hospital and domestic expenses incurred by the plaintiff to the date of the trial; (2) in refusing to submit to the jury any element of damages for necessary future medical and hospital expenses and for loss of consortium; (3) in refusing to give to the jury certain instructions offered by the plaintiff; and (4) in requiring a medical witness to answer certain questions propounded by counsel for the defendant and in refusing to treat the testimony of the witness as evidence offered by the defendant and the witness as a witness produced in behalf of the defendant.

The defendant cross-assigns as error the action of the circuit court in directing a verdict in favor of the plaintiff for $1,416.75 and in refusing to submit to the jury the questions whether the defendant was guilty of negligence and the plaintiff was guilty of contributory negligence.

The injuries suffered by Martha Shreve, the wife of the plaintiff, which have given rise to this litigation, resulted from a collision between an automobile owned and operated by the plaintiff, whose wife at the time of the collision was sitting on the front seat of the automobile, and an automobile owned and operated by the defendant. The collision occurred on Market Street, a main public thoroughfare in the City of Wheeling, about three o'clock in the afternoon of March 29, 1956. When the collision occurred both automobiles were slowly proceeding north in the right traffic lane on Market Street. After they had crossed the intersection of that street with Tenth Street and when the automobile of the plaintiff had reached a point about five buildings north of the intersection it was struck from the rear by the automobile driven by the defendant.

According to the testimony of the plaintiff and his wife the automobile driven by the defendant struck the automobile of the plaintiff twice, the first blow knocking it forward approximately eight feet and the second blow again knocking it forward somewhat less than that dis-

tance. The defendant admitted that her automobile struck the automobile of the plaintiff but she was not sure that it struck it more than once. The impact of the collision threw the wife of the plaintiff against the interior of the automobile and caused severe and painful injuries to her neck, back and spine, one of the discs of which was ruptured. Immediately after the collision she was taken to her home and later to the emergency room of a local hospital where she was examined and her condition diagnosed. She was required to wear a brace on her back from August 7, 1956 until she entered a hospital on November 19, 1956, where she remained for a period of about eleven days, and in connection with treatment for her injuries she wore a plaster cast on her back for a period of about four weeks. She was initially treated for her injuries by her family physician and since July 30, 1956, she has been under the care of an orthepedic surgeon whose treatments continued until the trial of this action in October, 1958. She was pregnant at the time of her injury and gave birth to a child on April 29, 1956, and a few weeks before the trial she gave birth to another child.

Prior to the institution of this action the wife of the plaintiff instituted a separate action against the defendant and obtained judgment in the amount of $5,000.00 as compensation for her injuries and the pain suffered by her as a result of her injuries. That judgment has become final and presumably has been satisfied by the defendant. The award of damages in that case was based upon her personal right to compensation for her injuries and her present and future pain and suffering and, of course, there can be no recovery by her husband in this action for those elements of damages.

The term "consortium", for the loss and impairment of which the plaintiff seeks a recovery from the defendant in this action, has many times been defined by the courts and in authoritative legal texts and treatises. In Black's Law Dictionary, Fourth Edition, page 382, the author, citing *McMillan* v. *Smith*, 47 Ga. App. 646, 171 S. E. 169;

*Shedrick* v. *Lathrop*, 106 Vt. 311, 172 A. 630, and *Harris* v. *Kunkel*, 227 Wis. 435, 278 N. W. 868, defines consortium as the conjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection, and aid of the other in every conjugal relation. In *Smith* v. *Nicholas Building Company*, 93 Ohio St. 101, 112 N. E. 204, the court said that consortium includes the exclusive right of the husband to the services of his wife, and to affection, solace, comfort, companionship and society incidental to the marital relation. In the leading case of *Guevin* v. *Manchester Street Railway*, 78 N. H. 289, 99 A. 298, L.R.A. 1917C, 410, the opinion contains this language: "The term *consortium* as used at the common law to describe the husband's marital rights included three elements,—service, society, and sexual intercourse. It is conceded everywhere that any injury to or detention of the wife which interfered with the first of these rights gave the husband a cause of action, as did the infringement of the last by the debauchment of the wife. Until within recent years all American courts have assumed and held that injuries to the second element were also entitled to protection. The great weight of authority is still the same way. 'From before the days of Blackstone down to the present time, the authorities, English and American, are, without well-considered exceptions, * * * to the effect that the husband's recovery is for the loss or impairment of his right to conjugal society and assistance, and ordinarily, where the word "services" is used, it signifies wifely services, such as are due from her, and includes the idea of her society.' *Selleck* v. *Janesville*, 104 Wis. 570, 577, [80 N. W. 944, 47 L.R.A. 691, 76 Am. St. Rep. 892]."

According to the weight of authority, a cause of action of the husband for loss of consortium resulting from wrongful or negligent injuries to his wife includes loss of society and companionship as well as loss of services; and in support of this rule, it is said that the law has never been solicitous to distinguish among the elements of consortium for the loss of which the cause of action

exists, that such cause of action is not exclusively or essentially for loss of services but includes alike the several rights involved in consortium, and that any one of such rights suffices to ground such cause of action. 27 Am. Jur., Husband and Wife, Section 505. Consortium is a right which the law recognizes in a husband, arising from the marital union, to have performance by the wife of all those duties and obligations in respect of him which she undertook when she entered into the marriage relation, including the right to the conjugal fellowship of the wife, her company, cooperation and aid in every conjugal relation, fellowship and assistance of the wife, and comfort in her society as to which the right of the husband is peculiar and exclusive; and loss of consortium is the loss of any or all such rights. 41 C.J.S., Husband and Wife, Section 11.

Loss of consortium by a husband resulting from injuries sustained by his wife is a right which gives rise to damages. *Vernon* v. *Atlantic Coast Line Railroad Company*, 218 S. C. 402, 63 S. E. 2d 53. A husband, being liable for support of his wife and obligated to furnish her with necessaries, at common law, is entitled to her consortium and her domestic services as an element of consortium and may recover, from one who wrongfully injures her, damages for loss of such consortium and such services as an element of consortium and reasonable and necessary pecuniary expenses incurred by him as a result of her injury. *Floyd* v. *Miller*, 190 Va. 303, 57 S. E. 2d 114. In *Normile* v. *Wheeling Traction Company*, 57 W. Va. 132, 49 S. E. 1030, 68 L.R.A. 901, this Court said that a husband may sue for the loss of the society, comfort and assistance of his wife and for money expended by him in endeavoring to effect a cure for her injury.

Under the foregoing authorities it is clear, from the evidence, that the plaintiff is entitled to a recovery of damages for the loss or impairment of the services and the society of his wife and of her capacity to engage in sexual intercourse, as elements of consortium, resulting

from injuries to his wife which are caused by the negligence of the defendant.

The plaintiff offered evidence to the effect that as a result of her injuries his wife was unable to engage in sexual relations with him for a period of more than five months and her capacity to engage in sexual intercourse has been impaired; that she has become irritable and unsociable; that she has been unable to dance with her husband or to perform her normal household and domestic duties or to engage in any acts of lifting, mopping or scrubbing; that she is incapable of doing any work other than dusting and cooking; and that her ability to engage in normal relations with her husband has been impaired and limited. The plaintiff also introduced evidence of necessary and reasonable expenses incurred and paid for by him from the time his wife was injured until the date of the trial for medical, hospital and domestic services in the amount of $1,416.75, upon which evidence the circuit court instructed the jury to return a verdict for that amount; and in addition the plaintiff also offered evidence that as a result of her injuries it is reasonably certain that her ruptured disc would undergo degenerative changes; that within the reasonably near future she would suffer from traumatic arthritis to the ruptured disc; that permanent relief could only be obtained by surgery which would be necessary and would require confinement in a hospital for a period of one month; and that reasonable and necessary hospital services would cost approximately $1,000.00 and reasonable and necessary services of a surgeon would cost approximately $500.00.

The evidence of the loss or impairment of the services and society of the wife and her capacity to engage in sexual relations, as elements of consortium, was sufficient to form a basis for the recovery of damages for such loss or impairment. Such evidence should have been submitted to the jury and the action of the circuit court in refusing to permit the jury to consider such evidence and to award any damages to which the plaintiff was entitled for such loss or impairment constituted re-

versible error. The evidence offered by the plaintiff of reasonable certainty that his wife would suffer resultant ailments which would require medical treatment and her confinement in a hospital and of the reasonable and necessary cost of such treatment and confinement should likewise have been submitted to the jury, and the action of the circuit court in refusing to permit the jury to consider such evidence and to award any damages to which the plaintiff was entitled for the cost of future medical treatment and hospitalization, caused by the negligence of the defendant, was also reversible error.

In an action by the husband to recover damages for loss or impairment of the consortium of his wife and expenses incurred by him for reasonable and necessary medical, hospital and domestic services, and expenses to be incurred by him for reasonable and necessary medical and hospital services in the future treatment of his wife for her injuries and in such treatment for future pain and suffering which, the evidence shows, are reasonably certain to be necessary as the result of her injuries caused by the negligence of the defendant, the jury may include, as damages, in addition to such loss or impairment of consortium and such expenses as have been incurred by him, any such future expenses if it appears from the evidence that it is reasonably certain that such future expenses will be incurred and will necessarily result from the negligence of the defendant. See *Carrico* v. *West Virginia Central and P. R. Company,* 39 W. Va. 86, 19 S. E. 571, 14 L.R.A. 50; *Walker* v. *Robertson,* 141 W. Va. 563, 91 S. E. 2d 468; *Bailey* v. *DeBoyd,* 135 W. Va. 730, 65 S. E. 2d 82; *Peck* v. *Bez,* 129 W. Va. 247, 40 S. E. 2d 1; *Wilson* v. *Fleming,* 89 W. Va. 553, 109 S. E. 810; *Dumphy* v. *Norfolk and Western Railway Company,* 82 W. Va. 123, 95 S. E. 863, 10 A.L.R. 1152; *Prettyman* v. *Topkis,* 9 W. W. Harr. (Del.) 568, 3 A. 2d 708; *State ex rel. Kansas City Public Service Company* v. *Shain,* 350 Mo. 316, 165 S. W. 2d 428; *Great Atlantic and Pacific Tea Company* v. *Hughes,* 53 Ohio App. 255, 4 N. E. 2d 700; *Holt* v. *School District No. 71 of King County,* 102

Wash. 442, 173 P. 335; Annotation IIIa, 81 A.L.R. 439; Black's Law Dictionary, Fourth Edition, page 1431; 25 C.J.S., Damages, Section 47b; Annotation IV, 66 A.L.R. pages 1196 and 1197; *Denver Consolidated Tramway Company* v. *Riley*, 14 Colo. App. 132, 59 P. 476; *Indianapolis Street Railway Company* v. *Robinson*, 157 Ind. 414, 61 N. E. 936; *Rodgers* v. *Boynton*, 315 Mass. 279, 52 N. E. 2d 576, 151 A.L.R. 475; *Daniels* v. *Celeste*, 303 Mass. 148, 21 N. E. 2d 1, 128 A.L.R. 682. Probability that any damages awarded the plaintiff for reasonable and necessary medical and hospital expenses for the future treatment of his wife may not be used by him for that purpose is not a sufficient ground for denial of a recovery of such damages. *Ginsberg* v. *Ginsberg*, 126 Conn. 146, 9 A. 2d 812; *Katz* v. *Cohn*, 122 Conn. 342, 189 A. 594.

As to future pain and suffering in general, such pain and suffering on the part of the injured person, in consequence of the injury, are a proper element of damages which may be allowed if there is reasonable certainty that such pain and suffering will result. 15 Am. Jur., Damages, Section 73. As a general rule, there may also be recovery for the reasonable and necessary expense of medical and nursing services which are reasonably certain to be incurred in the future. 15 Am. Jur., Damages, Section 139.

There is some conflict in the evidence as to negligence of the defendant and contributory negligence of the plaintiff and the facts disclosed by the evidence are such that reasonable men may draw different conclusions from them. For that reason the circuit court, instead of determining the liability of the defendant by instructing the jury to return a verdict for the plaintiff for the medical, hospital and domestic expenses incurred or paid by him, should have submitted the questions of negligence and contributory negligence to the jury and its refusal to do so was reversible error. The questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though

undisputed, are such that reasonable men may draw different conclusions from them. *Davis* v. *Sargent,* 138 W. Va. 861, 78 S. E. 2d 217, and the many cases cited in the opinion in that case.

In view of the conclusion reached as to the sufficiency of the evidence, the elements of damages for which a recovery may be had, and the determination of the questions of negligence and contributory negligence, it is unnecessary to discuss or consider the errors assigned by the plaintiff with respect to other rulings of the circuit court.

For the reasons indicated the judgment is reversed, the verdict is set aside, and a new trial is awarded.

> *Judgment reversed;*
> *Verdict set aside;*
> *New trial awarded.*