**Delphine PARSONS and Wayne Parsons, Plaintiffs,**

v.

**SHONEY'S, INC., Defendant.**

**Civ. A. No. 80–0063–P(H).**

United States District Court, S.D. West Virginia, Parkersburg Division.

July 11, 1983.

William L. Jacobs, Parkersburg, W.V., for plaintiffs.

Diana Everett, Renner, Everett, Bush & Powell, Parkersburg, W.V., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Plaintiff, Delphine Parsons, brought this action against her former employer, Shoney's, Inc., seeking to recover damages for personal injuries she sustained as a result of Shoney's allegedly willful, wanton and reckless disregard for her safety.[1] Her husband, Wayne Parsons, joined in this action seeking to recover damages for the loss of consortium he suffered as a result of his wife's injuries. This matter is presently before the Court on Shoney's motion to dismiss Wayne Parsons' claim for loss of consortium. Because the resolution of the issue presented by Shoney's motion to dismiss revolves entirely upon a question of law, the Court will forego the customary recitation of the facts and will proceed directly to a discussion of the legal context of this case.

Generally, an employer who is a subscriber in good standing to the West Virginia Workmen's Compensation Fund is immune from common law liability to an employee who is injured in the course of his employment. *See W.Va.Code*, § 23-2-6. However, the employer loses this immunity if the injury results from the employer's "deliberate intention". *See W.Va. Code*, § 23-4-2. The West Virginia Supreme Court of Appeals has interpreted "deliberate intent" to include those injuries resulting from the employer's "willful, wanton and reckless misconduct." *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907, 914 (W.Va.1978). It is Shoney's contention that the spouse of an injured worker cannot join in a *Mandolidis* type action with a claim of loss of consortium. Shoney's bases its argument on the language in *W.Va.Code*, § 23-4-2, which creates the deliberate intent (and, via *Mandolidis*, the willful, wanton and reckless misconduct)

---

**1.** This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Both Plaintiffs are citizens of West Virginia; Shoney's is a Tennessee corporation.

exception to the employer's immunity provided by the Workmen's Compensation Act. That Section provides, in relevant part, as follows:

"If injury or death result to any employee from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take under this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter."

Shoney's points out that the word "spouse" is conspicuously absent from the list of persons who shall have a cause of action against the employer. Shoney's reasons that because the word "spouse" does not appear in this section the spouse of an injured worker is not authorized by the statute to bring an action for loss of consortium under Section 23–4–2: "The *granting* of this cause of action specifically states that it accrues only to an employee, widow, widower, child or his dependent." Defendant's Memorandum of Law at p. 4 (emphasis added).[2]

**2.** In its Memorandum of Law in support of its motion to dismiss, Shoney's also relies upon the case of *McVey v. Chesapeake and Potomac Telephone Company,* 103 W.Va. 519, 138 S.E. 97 (1927). In *McVey* the husband of an employee who was injured at her place of employment sought loss of consortium damages against his wife's employer. The West Virginia Supreme Court held that the immunity from common law suits by injured employees provided to employers by the Workmen's Compensation Act also barred actions for damages by spouses of injured workers.

*McVey* is easily distinguished from the case at bar because *McVey* did not involve an injury caused by the deliberate intent or willful, wanton and reckless misconduct of the employer. In short, *McVey* was *not* what we would now term a *Mandolidis* action. The Plaintiff in *McVey* was alleging only negligence on behalf of his wife's employer. 103 W.Va. at 521, 138 S.E. at 97. *McVey,* then, involved an action where the injured worker herself could not bring an action for common law damages. Here, the injured worker *can* bring an action because of the intentional tort exception to the employer's

While Shoney's observation concerning the statutory language is, obviously, correct, the Court believes the inference drawn therefrom misses the mark. For purposes of this discussion, the crux of the above quoted section is the phrase "shall also have cause of action against the employer, *as if this chapter had not been enacted....*" This "provision *preserves* for employees a common law action against employers" where injury results from an employer's deliberate intent to produce such injury. *Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d at 910 (emphasis added). Importantly, Section 23–4–2 does not *grant* or *create* a hybrid cause of action, but *preserves* a common law action against the employer.[3] The common law, of course, did and does recognize a spouse's right to bring an action for loss of consortium:

"A husband,[4] being liable for support of his wife and obligated to furnish her with necessaries, at common law, is entitled to her consortium and her domestic services as an element of consortium and may recover, from one who wrongfully injures her, damages for loss of consortium and such services as an element of consortium and reasonable and necessary

Workmen's Compensation immunity. Whether her spouse can join in her common law action is a question very different from that presented to the West Virginia Supreme Court in *McVey* and, therefore, must be considered independently; *McVey* is not controlling precedent on the issue now before the Court.

**3.** The Court in *Brewer v. Appalachian Constructors, Inc.,* 135 W.Va. 739, 65 S.E.2d 87 (1951) likewise construed *W.Va.Code,* § 23–4–2 as preserving, as opposed to creating, a cause of action for an employee injured as a result of his employer's deliberate intention. The defendants in *Brewer* argued that a cause of action under *W.Va.Code,* § 23–4–2 was a statutory one. The Court disagreed: "We are of the opinion, however, that the statute merely preserves unto an employee his common law right of action to sue for such an injury." 135 W.Va. at 747, 65 S.E.2d at 92.

**4.** A wife is similarly entitled to bring an action for loss of consortium. *W.Va.Code,* § 48–3–19a provides: "A married woman may sue and recover for loss of consortium to the same extent and in all cases as a married man."

pecuniary expenses incurred by him as a result of her injury. *Floyd v. Miller,* 190 Va. 303, 57 S.E.2d 114 [1950]." *Shreve v. Faris,* 144 W.Va. 819, 824, 111 S.E.2d 169, 173 (1959). *See also Normile v. Wheeling Traction Company,* 57 W.Va. 132, 49 S.E. 1030 (1905). The court in *Shreve* also quoted authority to the effect that the husband's right to recover for loss of consortium has been recognized "from before the days of Blackstone." 144 W.Va. at 823, 111 S.E.2d at 172. As such, recovery for loss of consortium is a truly venerable element of common law damages.

Equally as important as the common law's recognition of this right is the nature of a claim for loss of consortium. "Consortium is a right, *arising from the marital union,* to have performance by a spouse of all the duties and obligations assumed by the marriage relationship, including the right to society, companionship and services." *King v. Bittinger,* 231 S.E.2d 239, 243–44 (W.Va.1976) (emphasis added). The West Virginia Supreme Court also discussed the source of a claim for loss of consortium in *McVey v. Chesapeake and Potomac Telephone Company,* 103 W.Va. 519, 138 S.E. 97 (1927). "The right of action here [a husband's claim for loss of consortium]—it cannot be gainsaid—does arise out of the injury of the plaintiff's wife, and but for such injury, such right as plaintiff claims to have would not have existed." 103 W.Va. at 523, 138 S.E. at 98.

As the above discussed cases indicated, Plaintiff Wayne Parsons' claim is derivative of his wife's action under *W.Va.Code,* § 23–4–2. His action does not arise from the statute itself but as a natural consequence of his wife's injuries. Wayne Parsons' claim, therefore, does not depend upon specific statutory authority—it stems from the marital relationship itself. Aris-

ing as it does from the symbiotic relationship between husband and wife recognized by the common law, a spouse's claim for loss of consortium is made no less valid for a lack of specific legislative authorization. Consequently, because the right to bring such an action exists independently of statutory law, the absence of the word "spouse" from *W.Va.Code,* § 23–4–2 cannot be interpreted to mean that a spouse cannot bring an action for loss of consortium under that statute.[5]

■ The Court's conclusion that Wayne Parsons has stated a colorable claim for loss of consortium is supported by the West Virginia Supreme Court's statement in *Mandolidis* that the "Workmen's Compensation system completely supplanted the common law tort system only with respect to *negligently* caused industrial accidents. . . ." 246 S.E.2d at 913 (emphasis in original). Because the Plaintiff at bar proceeds on a theory of recovery based not upon negligence, but upon Defendant's deliberate intent to injure her, the common law tort system determines the parties' rights and liabilities, including the right of an injured employee's spouse to seek damages for loss of consortium.

The Court's decision here is also supported by the West Virginia Supreme Court's decision in *Collins v. Contracting Company,* 114 W.Va. 229, 171 S.E. 757 (1933) wherein the Court rejected an argument very similar to that advanced by Shoney's. The Plaintiff in *Collins* was the administratrix of the estate of a deceased who was allegedly killed as the result of his employer's deliberate intent. The administratrix brought a wrongful death action against the employer under *W.Va. Code,* § 23–4–2. The defendant contended that there could be no recovery by the administratrix because Section 23–4–2 gave

---

5. For this reason the maxim of statutory construction "expressio unius est exclusio alterius", *see State v. Underwood,* 281 S.E.2d 491, 494 (W.Va.1981), is inapplicable here. Because the spouse's right to recover for loss of consortium damages exists independently of the statute there was, quite simply, no need for the legislature to expressly include the word "spouse" in

that part of *W.Va.Code,* § 23–4–2 under scrutiny here. Nor can it be *inferred* from the statute that the legislature intended to prohibit a spouse's claim for loss of consortium. *See infra* at p. 133 (discussing the strict construction of statutes in derogation of the common law).

the right of action to "the widow, widower, child or dependent of the employee." 114 W.Va. at 235, 171 S.E. at 759. In rejecting this argument, the court relied upon the "as if this chapter had not been enacted" language of Section 23-4-2. The Court reasoned that if the Workmen's Compensation Act had not been enacted, the personal representative of the deceased could bring a wrongful death action. *Id.* Following the rationale of *Collins,* Wayne Parsons' claim for loss of consortium is properly joined with his wife's intentional tort action because his claim would be recognized at common law if the Workmen's Compensation Act had not been enacted. *See Shreve v. Faris, supra; King v. Bittinger, supra; Ellard v. Harvey,* 231 S.E.2d 339 (W.Va. 1976).

▪ Finally, it must be remembered that inasmuch as the spouse of an injured employee is entitled under the common law to bring an action for loss of consortium, Shoney's argument runs afoul of the familiar principle of statutory construction that statutes in derogation of the common law must be strictly construed.[6] With this rule in mind it is very difficult to construe *W.Va.Code,* § 23-4-2 as Shoney's recommends. For to accept Shoney's view it would be necessary to conclude that, while preserving an injured worker's common law rights, the legislature intended to abrogate the common law rights of the worker's spouse. The Court finds this proffered construction to be somewhat tortured in that it would require the Court to *infer* that the legislature, *sub silentio* no less, intended this Code section to abolish the right of an injured employee to recover common law damages for loss of consortium. Consistent with the rule of statutory construction mentioned above, the Court declines to draw such an unsupported infer-

ence. Accordingly, the Court concludes that *W.Va.Code,* § 23-4-2 has no effect upon the right of the spouse of an injured employee to bring a loss of consortium claim against the employer where the injury to the employee is the result of the deliberate intent or willful, wanton and reckless misconduct of the employer.

### Conclusion

For the reasons discussed above, Shoney's motion to dismiss Wayne Parsons' claim for loss of consortium is hereby denied.

---

**6.** *See* Syllabus point 9 in *State v. Brewster,* 140 W.Va. 235, 84 S.E.2d 231 (1954):

"In construing statutes, courts must presume knowledge on the part of the legislature, of the provisions of the organic law of the state, relating to the subject matter thereof, as well as of the principles of the common law, and will not impute to that body any intention to

obstruct or impede the operation of constitutional provisions, or to innovate upon the settled policy of the law. *Webb v. Ritter,* .5 Syl. 60 W.Va. 193 [54 S.E. 484]."

See also, *McVey v. Chesapeake and Potomac Telephone Company,* 103 W.Va. 519, 521-22, 138 S.E. 97, 98 (1927); *Reeves v. Ross,* 62 W.Va. 7, 11, 57 S.E. 284, 286 (1907).