475 S.E.2d 138

**George A. BELL, Allison Bell and Jessica Bell, Plaintiffs Below,**

**George A. Bell, Appellant,**

v.

**VECELLIO & GROGAN, INC., a West Virginia Corporation, Appellee.**

No. 22970.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 6, 1996.

Decided July 17, 1996.

Jack R. Ormes, Pasadena, California and Bruce L. Freeman, Freeman & Chiartas, Charleston, for Appellant.

Mary H. Sanders, James C. Stebbins, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Appellee.

RECHT, Justice:

We review for the second time this deliberate intention personal injury claim of a West Virginia ironworker who was injured while working for a West Virginia contractor on a bridge construction site as part of a highway system in Maryland.[1]

We are now requested as a matter of first impression to decide whether the "deliberate intention" cause of action expressed within W. Va.Code 23–4–2(c) (1991) [2,3] is a part of the West Virginia workers' compensation statutory scheme, or whether it is a common law cause of action independent from the workers' compensation laws of this State.

The significance of this question is this: if, as in this case, a plaintiff/employee's deliberate intention claim against the employer is integrated within our workers' compensation system as expressed within W. Va.Code 23–4–2(c) (1991), then the plaintiff is an employee subject to the workers' compensation laws of West Virginia under W. Va.Code 23–2–1a (1991), which includes the right to bring a direct action in this State against the employer pursuant to W. Va.Code 23–4–2(c); if, on the other hand, the deliberate intention cause of action is a common law tort claim that an employee has against the employer, disassociated with the West Virginia workers' compensation scheme, then the ability to maintain that cause of action in a West Virginia court is dependent upon the application of our traditional conflicts of law doctrine of *lex loci delicti* (which requires application of the law of the place of the wrong), which in this case would require an examination of the laws of the State of Maryland and, according to the trial court, precludes the employee's cause of action.[4]

The trial court granted the employer's motion for summary judgment, holding as a matter of law that a deliberate intention cause of action is a common law tort action and, therefore, under the doctrine of *lex loci delicti*, the substantive law of Maryland would control, which would not permit the employee's direct claim against the employer under the Maryland exclusivity rule. We disagree.

Because we hold that the deliberate intention cause of action expressed within W. Va. Code 23–4–2(c) (1991) supersedes a common law cause of action against an employer and is woven within the workers' compensation fabric in this State, we need not analyze whether the employee's cause of action would

---

1. We previously reversed the lower court's order granting the employer's motion for a directed verdict. *Bell v. Vecellio & Grogan, Inc.*, 191 W.Va. 577, 447 S.E.2d 269 (1994) (per curiam).

2. We noted in our first *Bell* opinion that W. Va.Code 23–4–2 (1991) had been amended in 1994, but the amendments did not affect Mr. Bell's case. *Bell v. Vecellio & Grogan, Inc.*, 191 W.Va. 577, 578 n. 1, 447 S.E.2d 269, 270 n. 1 (1994). For purposes of this opinion, we will refer to the deliberate intention statute under the 1991 version. W. Va.Code 23–4–2 (1991) is substantively identical to the 1983 and 1994 revisions of W. Va.Code 23–4–2. Therefore, although we refer to the 1991 version of W. Va. Code 23–4–2, our decision applies equally to the 1983 amendment and its subsequent versions.

3. W. Va.Code 23–4–2(c)(2) (1991) provides, in pertinent part, as follows:

    The immunity from suit provided under this section and under section six-a [§ 23–2–6a], article two of this chapter, may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention."

4. The laws of Maryland, while allowing a direct cause of action against an employer for an intentional injury, would not seem to permit a claim for a deliberate intention injury as defined in W. Va.Code 23–4–2(c)(2)(ii). *Johnson v. Mountaire Farms*, 305 Md. 246, 503 A.2d 708 (1986).

be recognized in Maryland, which would determine whether the action could be maintained in this State. We hold that the plaintiff's cause of action under W. Va.Code 23–4–2(c) (1991) can be filed and maintained in this State as part of the workers' compensation benefits afforded an employee under W. Va. Code 23–2–1a (1991).

## I.

## THE FACTS

The appellant, George Bell, was an ironworker residing in West Virginia and employed by the appellee, Vecellio & Grogan, Inc., a West Virginia corporation. The appellee was a highway construction company and at the time relevant to this injury was engaged in the construction of a series of highway bridges as part of the upgrading of what was to become portions of Maryland's interstate highway system. The appellant, who had worked for the appellee for about six years, was assigned to the bridge construction site in Flintstone, Maryland.[5]

The appellant was in the process of assisting in the moving of massive steel bridge beams, when during the maneuvering process, a crane dropped a beam, which caused a chain reaction, crushing Mr. Bell, and resulting in his total paralysis from the chest down.

The appellant filed for benefits under the West Virginia's Workers' Compensation Act. After receiving benefits under West Virginia's workers' compensation laws, the appellant filed this deliberate intention action in the Circuit Court of Raleigh County. The employee's theory of liability against the employer was based upon five specific elements supporting the employer's deliberate intention to injure the employee, pursuant to W. Va.Code 23–4–2(c)(2)(ii) (1991) as follows:

(1) a specific unsafe working condition;

(2) a subjective realization and appreciation on the part of the employer of the specific unsafe working condition;

(3) the specific unsafe working condition was a violation of a state or federal safety standard;

(4) the employee was intentionally exposed to the specific unsafe working condition;

(5) the employee sustained serious injuries resulting from the specific unsafe working condition.

As we noted, this Court previously determined that the appellant submitted sufficient evidence to satisfy all five elements contained within W.Va.Code 23–4–2(c)(2)(ii) to establish the employer's deliberate intention to injure the employee. *Bell v. Vecellio & Grogan*, 191 W.Va. 577, 447 S.E.2d 269 (1994).

On remand, the appellee raised for the first time the conflicts of law issue which, as contended by the appellee, precludes this deliberate intention claim from proceeding in West Virginia based on the application of the laws of the State of Maryland. The trial court agreed, and we now review the granting of the appellee's motion for summary judgment *de novo*. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

## II.

## DISCUSSION

■ The West Virginia Workers' Compensation Act was enacted in 1913 with a design to mutually benefit injured workers, employers, and the public.[6] 1913 W. Va. Acts 64. The injured worker benefited by a system of prompt and fair compensation for work-related injuries and diseases unencumbered by notions of fault. The employer who was not derelict in contributing to the workers' compensation fund and did not deliberately injure an employee, benefited by being relieved of responding to damages at common law or by statute. W. Va.Code 23–2–6 (1991).[7] The

---

**5.** The appellant testified that on occasion, his employment with the appellee would entail working on sites outside of West Virginia.

**6.** There have been various amendments to the West Virginia Workers' Compensation Act

whereby the term "workers' compensation" was substituted for "workmen's compensation."

**7.** W. Va.Code 23–2–6 (1991) provides, in pertinent part, as follows:

public benefited from the system in that injuries at the hands of labor may be liquidated and balanced by money in the course of the consumption of a product or service by the public. In interpreting the Workers' Compensation Act, the interest of the public, as well as the employee and employer are to be considered. *Mains v. J.E. Harris Co.*, 119 W.Va. 730, 732–33, 197 S.E. 10, 11 (1938).

The provision of the Workers' Compensation Act directly implicated in this case is the deliberate intention exception to an employer's immunity to liability, which has been a part of the Act in differing forms since the statute was enacted in 1913. *See* W. Va. Code ch. 15P, § 684 (1913). For a period of nearly seventy years, the deliberate intention exception to an employer's immunity was expressed in W. Va.Code 23–4–2 (1969),[8] in pertinent part, as follows:

> If injury or death result to any employee from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take under this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter.

The definition of deliberate intention under this statutory provision was manifold, climaxing with the trilogy of cases *sub nom Mandolidis v. Elkins Indus., Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978).[9] In *Mandolidis*, this Court attempted to put to rest the various

definitions of deliberate intention expressed in prior opinions:

> Under W. Va.Code § 23–4–2 an employer is subject to a common law tort action for damages or for wrongful death where such employer commits an intentional tort or engages in willful, wanton and reckless misconduct, and to the extent that the syllabus point in *Allen v. Raleigh–Wyoming Mining Co.*, 117 W.Va. 631, 186 S.E. 612 (1936), syllabus point 3 of *Brewer v. Appalachian Constructors, Inc.*, 135 W.Va. 739, 65 S.E.2d 87 (1951) and syllabus point 2 of *Eisnaugle v. Booth*, 159 W.Va. 779, 226 S.E.2d 259 (1976) are inconsistent therewith, they are hereby expressly disapproved of and overruled.

Syllabus Point 1, *Mandolidis*, 161 W.Va. 695, 246 S.E.2d 907.

In all cases prior to the revision of W. Va.Code 23–4–2 in May 1983, including *Mandolidis*, deliberate intention was an act defined under amorphous common law principles where the consequences were weighed in the mind beforehand, after prolonged meditation, with design and malignity of heart. *See Brewer v. Appalachian Constructors*, 135 W.Va. 739, 750, 65 S.E.2d 87, 94 (1951) (quoting *Allen v. Raleigh–Wyoming Mining Co.*, 117 W.Va. 631, 634, 186 S.E. 612, 613 (1936)).

The firestorm that struck after *Mandolidis* was patent. *See* David A. Mohler, Note, *In Wake of Mandolidis*, 84 W. Va. L.Rev. 893 (1981–82); David M. Flannery et al., *The Expanding Role of the West Virginia Su-*

---

> Any employer subject to this chapter who shall subscribe and pay into the workers' compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter.

**8.** There have been seven amendments to the deliberate intention exception, 1969 being the year of most recent amendment at the time we issued

the opinion in *Mandolidis v. Elkins Indus., Inc.* 161 W.Va. 695, 246 S.E.2d 907 (1978). None of these earlier amendments drastically changed the meaning and intent of W. Va.Code ch. 15P, § 684 (1913) to the extent that the 1983 amendment altered the Act.

**9.** The five cases defining deliberate intention that preceded the three cases consolidated in *Mandolidis* were *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933); *Maynard v. Island Creek Coal Co.*, 115 W.Va. 249, 175 S.E. 70 (1934); *Allen v. Raleigh–Wyoming Mining Co.*, 117 W.Va. 631, 186 S.E. 612 (1936); *Brewer v. Appalachian Constructors, Inc.*, 135 W.Va. 739, 65 S.E.2d 87 (1951); and *Eisnaugle v. Booth*, 159 W.Va. 779, 226 S.E.2d 259 (1976).

*preme Court of Appeals in the Review of Workmen's Compensation Appeals*, 81 W. Va. L.Rev. 1 (1978–79).

The result of all of the public's agitation over the definition of deliberate intention as contained in *Mandolidis* and the resulting forecast of economic doom for West Virginia forced the Legislature to revise the entire body of law applicable to the concept of the removal of the protective shield of immunity from an employer who acts with deliberate intention to injure an employee. W. Va.Code 23–4–2 (1991) reads, in pertinent part, as follows:

(c)(1) It is declared that enactment of this chapter and the establishment of the workers' compensation system in this chapter was and is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except as herein expressly provided, and to establish a system which compensates even though the injury or death of an employee may be caused by his own fault or the fault of a co-employee; that the immunity established in sections six and six-a [§§ 23–2–6 and 23–2–6a], article two of this chapter, is an essential aspect of this workers' compensation system; that the intent of the Legislature in providing immunity from common law suit was and is to protect those so immunized from litigation outside the workers' compensation system except as herein expressly provided; that, in enacting the immunity provisions of this chapter, the Legislature intended to create a legislative standard for loss of that immunity of more narrow application and containing more specific mandatory elements than the common law tort system concept and standard of willful, wanton and reckless misconduct; and that it was and is the legislative intent to promote prompt judicial resolution of the question of whether a suit prosecuted under the asserted authority of this section is or is not prohibited by the immunity granted under this chapter.

(2) The immunity from suit provided under this section and under section six-a [§ 23–2–6a], article two of this chapter, may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention." This requirement may be satisfied only if:

(i) It is proved that such employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of (A) Conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or

(ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to

such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

(iii) In cases alleging liability under the provisions of the preceding paragraph (ii):

(A) No punitive or exemplary damages shall be awarded to the employee or other plaintiff;

(B) Notwithstanding any other provision of law or rule to the contrary, and consistent with the legislative findings of intent to promote prompt judicial resolution of issues of immunity from litigation under this chapter, the court shall dismiss the action upon motion for summary judgment if it shall find, pursuant to Rule 56 of the Rules of Civil Procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) of the preceding paragraph (ii) do not exist, and the court shall dismiss the action upon a timely motion for a directed verdict against the plaintiff if after considering all the evidence and every inference legitimately and reasonably raised thereby most favorably to the plaintiff, the court shall determine that there is not sufficient evidence to find each and every one of the facts required to be proven by the provisions of subparagraphs (A) through (E) of the preceding paragraph (ii).

The provisions of W. Va.Code 23–4–2(c)(2)(i)–(ii) define with specificity what is meant by deliberate intention. The Legislature has fashioned a scheme containing specific fault-rendering acts not entirely dependent on the state of mind of the employer. When the Legislature revised W. Va.Code 23–4–2(c)(2)(i)–(ii) in 1983, in response to the outcry over the *Mandolidis* decision, it removed the common law definition of deliberate intention established in *Mandolidis* and placed the definition in a precise, controlled, predictable statutory environment.[10]

When we consider the specific language of W. Va.Code 23–4–2(c)(2)(i)–(ii) (1991), we cannot believe that the Legislature intended for the old common law definition of deliberate intention to continue. "It has been a mainstay of Anglo–American jurisprudence that the common law gives way to a specific statute that is inconsistent with it; when a statute is designed as a revision of a whole body of law applicable to a given subject, it supersedes the common law." *State ex rel. Riffle v. Ranson,* 195 W.Va. 121, 128, 464 S.E.2d 763, 770 (1995) (citing William N. Eskridge, Jr. & Phillip P. Frickey, *Cases and Materials on Legislation: Statutes and the Creation of the Public Policy* 690 (1988)). In our view, the enactment of W. Va.Code 23–4–2(c) (1983) and its subsequent revision represents the wholesale abandonment of the common law tort concept of a deliberate intention cause of action by an employee against an employer, to be replaced by a statutory direct cause of action by an employee against an employer expressed within the workers' compensation system.

The integration of deliberately intended injuries within the Workers' Compensation Act as part of the workers' compensation design, and out of the common law, is a logical, consistent, and practical judicial response to the Legislature's response to the problems which were perceived to have emerged from the *Mandolidis* opinion.

The converse of considering the deliberate intention statute as part of a common law tort would result in inconsistency and im-

---

10. We are aware that the Legislature, in amending W. Va.Code 23–4–2 in 1983, did not fashion the five-factor test articulated in subsection (c)(2)(ii) out of whole cloth, but borrowed from some of the language in *Mandolidis.* However, this does not persuade us that the Legislature intended to preserve *Mandolidis:* the amended version of W. Va.Code 23–4–2 explicitly states that its purpose is to create a legislative standard more narrow and specific than the common law standard, as embodied in subsections (c)(1)-(2), which was enacted in direct response to Syllabus Point 1 of *Mandolidis v. Elkins Indus., Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978). *See Handley v. Union Carbide Corp.,* 804 F.2d 265, 273 (4th Cir.1986) (stating that W. Va.Code 23–4–2 "is structured to restrict recovery for conduct that was previously actionable under the *Mandolidis* rationale. This new legislation specifically eliminates the most frequently relied upon bases for providing 'deliberate intent' under *Mandolidis, i.e.,* gross negligence or willful, wanton, and reckless employer misconduct.")

practicability, because the employer would be exposed to the vagaries of a common law definition of deliberate intention, which is exactly what the revision of W. Va.Code 23–4–2(c)(2)(i)–(ii) was designed to correct.[11]

We are not unmindful of two cases within the federal system which have addressed the question of whether the deliberate intention exception to an employer's immunity from suit under W. Va.Code 23–4–2 is a civil action arising under the workers' compensation laws, which would prohibit removal to federal courts under 28 U.S.C. § 1445(c) (1995).[12] *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121 (4th Cir.1995) and *Knox v. Laclede Steel Co.*, 861 F.Supp. 519 (N.D.W.V.1994). In *Arthur*, the court concluded that the deliberate intention exception under W. Va. Code 23–4–2 was part of West Virginia's common law and was not a case arising out of West Virginia's "workmen's compensation" laws; therefore, removal to federal court was permissible pursuant to 28 U.S.C. § 1445(c). A contrary result was reached in *Knox*, where the court concluded that while a "cause of action under the West Virginia deliberate intention statute is certainly rooted in the common law[,] ... the [amended] version of the statute [following *Mandolidis* ] intentionally deviates from the common law, [so that] the provisions of the statute are an integral part of the West Virginia workers' compensation scheme." *Knox*, 861 F.Supp. at 523. We are respectful of both decisions and recognize that the analysis of the West Virginia deliberate intention statute under 28 U.S.C. § 1445(c) is governed by federal law, irrespective of local law, in construing the removal statute. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972).

■ What is the effect, then, of the deliberate intention statute being part of the workers' compensation laws of West Virginia upon the resolution of this case? As we previously noted, if the deliberate intention cause of action expressed in W. Va.Code 23–4–2(c)(2)(i)–(ii) is blended within the West Virginia workers' compensation scheme, then all employees covered by the West Virginia Workers' Compensation Act, including the appellant, are subject to every provision of the workers' compensation chapter and are entitled to all benefits and privileges under the Act, including the right to file a direct deliberate intention cause of action against an employer pursuant to W. Va.Code 23–4–2(c)(2)(i)–(ii). W. Va.Code 23–2–1a (1991) provides, in pertinent part:

(a) Employees subject to this chapter are all persons in the service of employers and employed by them for the purpose of carrying on the industry, business, service or work in which they are engaged, including, but not limited to:

(1) Persons regularly employed in the state whose duties necessitate employment of a temporary or transitory nature by the same employer without the state.

Our decisions addressing whether West Virginia employees, injured while working outside of West Virginia, would benefit from West Virginia's workers' compensation laws are compatible with the results of this case. *See* Syllabus Point 1, *Foughty v. Ott*, 80 W.Va. 88, 92 S.E. 143 (1917) ("An employee employed by any person, firm, association or corporation, in carrying on any form of industry or business in this state, and who is not employed wholly without the state, is an employee protected by the provisions of our Workmen's Compensation Act, though his injuries or death be sustained while performing some of his duties in an adjoining state."); Syllabus, *Fausnet v. State Workers' Compensation Comm'r*, 174 W.Va. 489, 327 S.E.2d 470 (1985) (a West Virginia resident who is injured in another state in the course of and resulting from his employment is enti-

---

11. We are aware that the entire bench and bar of this State are tempted to use the term "Mandolidis" as a euphemism for a deliberate intention injury. Because we have now assigned the *Mandolidis* opinion as a relic of the common law with no relevance in our current workers' compensation jurisprudence, it might be an appropriate time to introduce "deliberate intention" into

our lexicon of causes of action instead of "Mandolidis"—it no longer exists!

12. 28 U.S.C. § 1445(c) (1995) provides:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

tled to seek benefits under our workers' compensation scheme if the employment in the other state is temporary or transitory in nature within the meaning of W. Va.Code 23–2–1, 1a. *See also Gooding v. Ott,* 77 W.Va. 487, 490–91, 87 S.E. 862, 863 (1916), *overruled, on other grounds, by Lester v. State Workmen's Compensation Comm'r,* 161 W.Va. 299, 242 S.E.2d 443 (1978) (the Workers' Compensation Act was not intended to deprive a West Virginia employee of protection based on the mere fortuity that the employee was injured in another state, and noting that it is well settled that "the legislature had the power to extend the benefits and privileges of the [Workers Compensation Act] to employers and employees outside the state") *overruled on other grounds by Lester v. State Workmen's Compensation Comm'r,* 161 W.Va. 299, 242 S.E.2d 443 (1978).

In *Fausnet,* we reasoned that in determining whether a West Virginia employee injured out-of-state is entitled to recover under our workers' compensation scheme, we would consider as a factor whether the employee was hired in West Virginia. *Fausnet,* 174 W.Va. at 493, 327 S.E.2d at 473–74.

There is no dispute that the appellant was a West Virginia resident, employed by a West Virginia employer, with the origin of that employment relationship being in West Virginia, and was injured while temporarily working outside of West Virginia. Because the deliberate intention statute is part of the West Virginia workers' compensation scheme, the appellant is entitled to all benefits under the West Virginia Workers' Compensation Act, including the right to file and maintain this deliberate intention cause of action against the appellee under W. Va.Code 23–4–2(c)(2)(ii) (1991). The summary judgment granted in favor of the appellee is reversed, and this matter is remanded to the Circuit Court of Raleigh County for further proceedings consistent with this opinion.

Reversed and Remanded.