482 S.E.2d 140

Sandra MICHAEL, as Executrix of the Estate of Donald Kelly Michael, and Sandra Michael, Individually, Plaintiff Below, Appellant,

v.

The MARION COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.

Allen AYERSMAN, Petitioner,

v.

John PYLES, Florence Merow, and Elizabeth Martin, in their capacities as Commissioners constituting the County Commission of Monongalia County; and Joseph Bartolo, in his capacity as Sheriff of Monongalia County, Respondents.

Shawn McKEMY, Plaintiff Below, Appellant,

v.

The CITY OF CHARLESTON, a municipal corporation; and the City of Charleston, a municipal corporation, d/b/a Metro–911, Defendants Below, Appellees.

Nos. 23113, 23320 and 23362.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1996.

Decided Dec. 9, 1996.

---

Brent E. Beveridge, Frances C. Whiteman, Fairmont, for Sandra Michael.

Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, for the Marion County Board of Education.

James Zimarowski, Morgantown, John F. Wiley, Reeder, Shuman & Wiley, Morgantown, for Allen Ayersman.

Michael Kozakewich, Jr., Carolyn A. Wade, Steptoe & Johnson, Clarksburg, for John Pyles, Florence Merow, Elizabeth Martin, and Joseph Bartolo.

Arden J. Curry II, Susan Curry Brasselle, Pauley, Curry, Sturgeon & Vanderford, Charleston, for Shawn McKemy.

G. Kenneth Robertson, Shuman, Annand & Poe, Charleston, for the City of Charleston.

WORKMAN, Justice:

Each of these three cases presents the issue of whether the immunity from liability granted to political subdivisions by The Governmental Tort Claims and Insurance Reform Act ("Tort Claims Act"), West Virginia Code §§ 29–12A–1 to –18 (1992), includes immunity for "deliberate intent" actions[1] brought against municipal and county governments pursuant to West Virginia Code § 23–4–2(c)(2) (1994).[2] After reviewing the pertinent statutory provisions in conjunction with relevant case law, we[3] determine that West Virginia Code § 29–12A–5(a)(11) extends governmental immunity to political subdivisions for actions brought under West Virginia Code § 23–4–2(c)(2).

Before engaging in an analysis of the issue, we briefly review the facts of each case.

### Sandra Michael

Appellant Sandra Michael filed a civil action against the Marion County Board of Education (the "Board") following the death of her husband,[4] formerly a teacher and principal of East Fairmont High School from 1976 to 1990. In the complaint, Mrs. Michael asserted a cause of action[5] based on the "deliberate intent" exception to employer immunity which is codified in West Virginia Code § 23–4–2(c)(2). Appellant's cause of action against the Board stems from the July 1991 discovery that East Fairmont High School contained massive amounts of chlordane, heptachlor, diazonon, and dursban.

The Board filed a motion for summary judgment in January 1995, arguing that the political subdivision immunity provision found in West Virginia Code § 29–12A–5(a)(11) precluded Appellant from bringing suit against it.[6] By order dated February 2,

---

**1.** While many continue to refer to such actions as *Mandolidis*-type actions, *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978), we clarified in *Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. 138, 475 S.E.2d 138 (1996), that *Mandolidis* and its common-law progeny are no longer controlling because of the 1983 amendment of West Virginia Code § 23–4–2(c), which defined statutorily the factors necessary to prove "deliberate intent." 197 W.Va. at 143, 475 S.E.2d at 143. Accordingly, the proper reference to this type of case is "deliberate intent" rather than *Mandolidis*, as the statutory delineation of the elements necessary to establish "deliberate intent" supersedes the common-law definition of this concept. *Bell*, 197 W.Va. at 144, n. 12, 475 S.E.2d at 144, n. 12, *see State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 128, 464 S.E.2d 763, 770 (1995).

**2.** West Virginia Code § 23–4–2(c)(2) provides, in relevant part, that "[t]he immunity from suit provided under this section [§ 23–4–2] and under section six-a [§ 23–2–6a], article two of this chapter, may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention'."

**3.** The Honorable Arthur M. Recht resigned as Justice of the Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

**4.** Diagnosed with thyroid cancer in 1979, Mr. Michael died on November 7, 1990, at the age of 44.

**5.** She also sought relief for alleged negligent infliction of emotional distress, loss of consortium, and past medical expenses incurred by her deceased husband.

**6.** As further support for its position, the Board cited *Ball v. Joy Manufacturing Co.*, 755 F.Supp. 1344 (S.D.W.Va.1990), *aff'd*, 958 F.2d 36 (4th Cir.1991), *cert. denied*, 502 U.S. 1033, 112 S.Ct. 876, 116 L.Ed.2d 780 (1992), a case in which the district court determined that exposure to toxic chemicals in the work place was not a compensable injury under this state's workers' compensation laws. 755 F.Supp. at 1357. The Board further relied on *Ball* to argue that Mrs. Michael's failure to file a workers' compensation claim relating to her cause of action prohibited the maintenance of her "deliberate intent" cause of action against the Board. *See id.* at 1357–58 (recognizing that *Mandolidis*-type plaintiff must first file workers' compensation claim before in-

1995, the circuit court granted the Board's motion for summary judgment. Through this appeal, Mrs. Michael seeks to obtain a reversal of that ruling.

### Allen Ayersman

Petitioner Ayersman was formerly a correctional officer at the Monongalia County jail. Petitioner is partially disabled with regard to the use of his arms as the result of being attacked and beaten by an inmate on June 6, 1994. Petitioner filed a "deliberate intent" claim against the jail based on the existence of a facilities review panel interim report dated February 5, 1992, recognizing the problems presented by inadequate staffing, and the attacking inmate's written warning of his intent to commit violent acts.

In response to the motion to dismiss brought by the Respondent county commissioners and sheriff, the circuit court certified two questions to this court:

"Does the immunity afforded a political subdivision and its employees pursuant to W. Va.Code Section 29–12A–5[ (a) ](11), apply to *Mandolidis* claims made by an employee when the employee has received Workers' Compensation benefits for the injury sustained?"

"Does the immunity afforded a political subdivision and its employees pursuant to W. Va.Code Section 29–12A–5[ (a) ](14) apply to a claim made by a jail employee where the alleged injury took place inside a county jail during working hours?"

The trial court answered each of the certified questions affirmatively.[7]

### Shawn McKemy

While employed as a 911 radio dispatcher for the City of Charleston, Appellant McKemy came into contact with exposed conduit and suffered a severe electrical shock. As a result of the shock, Appellant was thrown backwards and sustained a closed-head injury as well as injuries to his shoulders, arm, and back. Alleging that the ex-

posed wiring was known to his supervisors, Appellant filed a civil action against the City of Charleston pursuant to the "deliberate intent" exception of West Virginia Code § 23–4–2(c).

The City of Charleston filed a motion to dismiss Appellant's complaint, asserting immunity as a political subdivision under West Virginia Code § 29–12A–5(a)(11). After hearing argument on the motion to dismiss, the circuit court determined that Appellant's deliberate intent claim was covered by workers' compensation law within the meaning of West Virginia Code § 29–12A–5(a)(11) and granted the motion to dismiss.

\* \* \*

Common to each of these cases is the underlying issue of whether the immunity afforded to political subdivisions by West Virginia Code § 29–12A–5(a)(11) includes immunity from "deliberate intent" causes of action. W. Va.Code § 23–4–2(c)(2). The language under examination states that "[a] political subdivision is immune from liability if a loss or claim results from: ... (11) Any claim covered by any workers' compensation law or any employer's liability law[.]" W. Va.Code § 29–12A–5(a)(11). Thus, the statutory question presented is whether a "deliberate intent" cause of action authorized by West Virginia Code § 23–4–2(c) constitutes a claim covered by workers' compensation law or other employer's liability law.

Appellants and Petitioner [hereinafter sometimes collectively referred to as "Appellants"] seek to separate "deliberate intent" cases from those cases included in the political immunity blanket of West Virginia Code § 29–12A–5(a)(11). To support their position, Appellants argue that this Court's decision in *O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 425 S.E.2d 551 (1992), limited the immunity provided by West Virginia Code § 29–12A–5(a)(11) to those cases involving unintentional torts. In *O'Dell,* a case that involved the consolidation of three personal injury suits, we upheld the political subdivi-

stituting "deliberate intent" cause of action against employer). We find it unnecessary to address the *Ball* holdings to resolve the issue at hand.

**7.** We choose to address only the first of the two certified questions.

sion immunity statute on equal protection grounds. 188 W.Va. at 606, 425 S.E.2d at 561. Included within that decision was a four-criteria test to identify those limited individuals that would be affected by the political subdivision [8] immunity provision of the Tort Claims Act:

> First, the plaintiff must have been injured by the negligence of an employee of a political subdivision. Second, the plaintiff must have received the injury in the course of and resulting from his or her employment. Third, the plaintiff's employer must have workers' compensation coverage. Fourth, the plaintiff must be eligible for such benefits.

*Id.* at 603, 425 S.E.2d at 558.

The fact that each of the plaintiffs in *O'Dell* had received injuries as a result of allegedly negligent acts readily explains this Court's crafting of the four-part test in a negligence context. Appellants' reliance on the use of the term "negligence" in the *O'Dell* test is clearly misplaced, as the language of far more significance to the issue before us is that found within the statute. Importantly, West Virginia Code § 29–12A–5(a)(11) contains no language limiting its provisions to negligence actions. The statutory language at issue is couched solely in terms of liability; there is no attempt to separate or distinguish the immunity provided by reference to whether the tort involved is intentional or unintentional.[9]

Although there is no language within *O'Dell* that carves out "deliberate intent" causes of action from the immunity extended to political subdivisions, Appellant Michael finds significant the Court's mentioning of the exception within workers' compensation law that subjects employers to liability for "deliberate intent" causes of action. 188 W.Va. at 603, 425 S.E.2d at 558. Seeking to analogize this distinction to political subdivision immunity, Appellant Michael contends it logically follows that governmental tort immunity should be approached consistent with workers' compensation law by revoking immunity in those instances where "deliberate intent" is alleged.[10] Upon examination, Appellant's logic fails completely. A significant and fatal distinction ignored by Appellant Michael is the express statutory removal of "deliberate intent" causes of action from traditional workers' compensation immunity. *See* W. Va.Code § 23–4–2(c)(2). In contrast, the provisions of the Tort Claims Act fail to separate "deliberate intent" actions from oth-

---

**8.** There is no dispute that each of the employers in these three cases qualifies as a political subdivision. That term is defined, in relevant part, by West Virginia Code § 29–12A–3(c) as "any county commission, municipality and county board of education."

**9.** Appellees note that because certain provisions of the Tort Claims Act do distinguish between negligent and intentional acts, there can be no doubt that the Legislature fully considered intentional types of actions when drafting the particular immunity provisions found within the Act. *See, e.g.,* W. Va.Code § 29–12A–5(a)(12) (extending immunity for misrepresentations provided they are "unintentional"); W. Va.Code § 29–12A–5(b)(2) (revoking immunity where employee's acts or omissions are achieved "with malicious purpose"). Appellees contend additionally that, because it is more difficult and expensive to purchase insurance for intentional acts as compared to claims predicated on negligence, to suggest that immunity is nonexistent for "deliberate intent" actions in the absence of express statutory language providing accordingly is inconsistent with the stated purpose of the Tort Claims Act—to enable political subdivisions to purchase affordable and adequate insurance. *See* W. Va.Code § 29–12A–1, –2.

**10.** As further support for this argument, Appellant Michael cites the exception within West Virginia Code § 29–12A–5(b)(2) that removes the cloak of immunity from an employee of a political subdivision when that employee's "acts or omissions were [accomplished] with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" As the Appellee Board explains, the limiting of immunity for certain acts or omissions of an employee of a political subdivision does not affect the overall grant of immunity to the political subdivision itself. Neither does it indicate a legislative intent to remove immunity for political subdivisions for "deliberate intent" actions. In fact, the contrary result is suggested. Because the employee conduct that is statutorily provided to be outside the protection of West Virginia Code § 29–12A–5(b) parallels that type of conduct subject to "deliberate intent" actions under West Virginia Code § 23–4–2(c)(2), the absence of comparable language in subsection (a) of West Virginia Code § 29–12A–5 suggests that the Legislature, with full consideration of "deliberate intent" causes of action, chose not to include this limitation for the political subdivisions. *Cf.* W. Va.Code § 29–12A–5(a) to –5(b).

er causes of action that are subject to political subdivision immunity. *See* W. Va.Code § 29–12A–5(a)(11). Just as we declined in *O'Dell* to read the term "employee" into West Virginia Code § 29–12A–5(a)(11) for the purpose of limiting immunity to those cases in which a political subdivision was sued by its own employee, we similarly refuse to impose a statutory exception for "deliberate intent" causes of action when such limiting language does not appear within the statute. *See* 188 W.Va. at 610, 425 S.E.2d at 565.

An examination of the reference made in *O'Dell* to the workers' compensation distinction reveals yet another flaw with Appellant's logic. As part of its equal protection analysis, this Court was compelled to reference the "deliberate intent" exception to the general exemption from liability afforded by West Virginia Code § 23–2–6 to employers contributing to the workers' compensation system. *Id.* at 603, 425 S.E.2d at 558. The exception was tangentially mentioned in discussing the fact that equal protection principles are not violated by permitting those who are not covered by workers' compensation to sue their employers for full damages as compared to the forfeiting of such right to sue by those individuals covered by workers' compensation. *Id.* Thus, *O'Dell* is completely devoid of any basis for Appellant Michael's suggestion that the "deliberate intent" exception to the workers' compensation scheme should be extended analogously to the Tort Claims Act.

Rather than viewing *O'Dell* in the limiting fashion that Appellants advocate, Appellees and Respondent (hereinafter sometimes collectively referred to as "Appellees") contend that the immunity granted by West Virginia Code § 29–12A–5(a)(11) is expansive in nature. As support for their position, Appellees cite this Court's rejection in *O'Dell* of the suggestion that immunity was only provided "to the extent that the plaintiff is compensated for his or her injuries by the workers' compensation benefits he or she receives." 188 W.Va. at 610, 425 S.E.2d at 565. Concluding that the term "claim" cannot be viewed narrowly to mean solely a claim for workers' compensation, this Court

clarified in *O'Dell* that the immunity extended to political subdivisions was immunity "for all damages arising from a tortious injury" and "not merely for those compensated by workers' compensation." *Id.*

Appellees further argue that because West Virginia Code § 29–12A–5(a)(11) extends its broad grant of immunity without qualification, Appellants cannot rely on the principle of statutory construction that liability is favored over immunity when governmental tort legislation is called into question. We explained in *Randall v. Fairmont City Police Department,* 186 W.Va. 336, 412 S.E.2d 737 (1991), that "the general rule of construction ... favor[s] liability, not immunity: *unless the legislature has clearly provided for immunity under the circumstances....*" *Id.* at 347, 412 S.E.2d at 748 (emphasis supplied). Finding the provisions of West Virginia Code § 29–12A–5(a)(11) free from ambiguity, we previously determined in *O'Dell* that the *Randall* rule favoring liability over immunity in certain instances was inapplicable. 188 W.Va. at 609, 425 S.E.2d at 564.

Viewing the issue as dependent upon whether "deliberate intent" cases are encompassed within the workers' compensation scheme or whether they remain firmly ensconced within the common law, the parties alternatively attempt to persuade or dissuade this Court that "deliberate intent" causes of action are part of this state's workers' compensation laws. In *Bell v. Vecellio & Grogan, Inc.,* 197 W.Va. 138, 475 S.E.2d 138 (1996), we recently addressed the issue of whether the "deliberate intent" cause of action provided for by West Virginia Code § 23–4–2(c)(2) is a part of the state workers' compensation statutory scheme or whether it remains a part of the common law. After analyzing the historical basis for the "deliberate intent" exception to employer immunity, we concluded in syllabus point two:

> W. Va.Code 23–4–2(c) (1991) represents the wholesale abandonment of the common law tort concept of a deliberate intention cause of action by an employee against an employer, to be replaced by a statutory direct cause of action by an employee against an employer expressed within the workers' compensation system.

197 W.Va. at 138, 475 S.E.2d at 138. We further held in syllabus point three of *Bell* that:

> W. Va.Code 23–4–2(c)(2)(i)–(ii) (1991) has blended within the West Virginia workers' compensation scheme, the directive that all employees covered by the West Virginia Workers' Compensation Act are subject to every provision of the workers' compensation chapter and are entitled to all benefits and privileges under the Workers' Compensation Act, including the right to file a direct deliberate intention cause of action against an employer pursuant to W. Va.Code 23–4–2(c)(2)(i)–(ii) (1991).

197 W.Va. at 138–39, 475 S.E.2d at 138–39.

Following our ruling and extensive analysis of "deliberate intent" causes of action in *Bell*, there appears to be little need for further examination of whether a "deliberate intent" cause of action is a claim covered by workers' compensation law or other employer's liability law.[11] Given this Court's ruling in *Bell* that "deliberate intent" causes of action have been blended within the workers' compensation scheme, it seems beyond dispute that "deliberate intent" actions, as part of this state's workers' compensation laws, are "covered" by such laws within the plain meaning of that term.[12] Having earlier determined that West Virginia Code § 29–12A–5(a)(11) contains no language that precludes its application to "deliberate intent" actions, we adhere to our cardinal rule of statutory construction that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va.

571, 165 S.E.2d 108 (1968). Accordingly, we determine that the immunity from liability extended to political subdivisions by West Virginia Code § 29–12A–5(a)(11) includes immunity from "deliberate intent" causes of action brought pursuant to West Virginia Code § 23–4–2(c)(2). Had the Legislature intended to except "deliberate intent" actions from the immunity provisions of West Virginia Code § 29–12A–5(a)(11), they easily could have included limiting language to that effect.[13]

Appellants argue that a contrary result was reached by the Fourth Circuit Court of Appeals in *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121 (4th Cir.1995). The issue before the court in *Arthur* was whether a "deliberate intent" action was subject to the language of 28 U.S.C. § 1445(c) (1994), prohibiting the removal to federal court of a "civil action ... arising under the workmen's compensation laws of ... [this] State[.]" *Id.* The specific issue the court examined in *Arthur* was the intent of Congress in 1958 when it drafted the removal statute. The court "conclude[d] that the ordinary (shorthand) meaning of 'workmen's compensation laws' in 1958 was this: a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." 58 F.3d at 125. The court proceeded to determine that "the 1958 Congress would not have considered section 23–4–2(c)(2) a workers' compensation law." *Id.* at 127; *but see Knox v. Laclede Steel Co.*, 861 F.Supp. 519, 523 (N.D.W.Va.1994) ("find[ing] that the West Virginia deliberate intention statute arises under the West Virginia workers' compensation laws for purposes of [28 U.S.C.] § 1445(c)"). The determina-

---

11. Appellee Board observes that the insurance policies that are purchased to provide protection for "deliberate intent" causes of action are referred to in the insurance industry as "employer's liability" policies. We observe that the language within West Virginia Code § 29–12A–5(a)(11) which states "or any employer's liability law" received little discussion by the parties. If in fact, the Legislature was referring to "deliberate intent" causes of action by this reference, then such actions are expressly included within the blanket of immunity provided by West Virginia Code § 29–12A–5(a)(11).

12. The meaning of the term "covered" that is connoted within the parlance of West Virginia Code § 29–12A–5(a)(11) is "to afford protection against or compensation for." Webster's Ninth New Collegiate Dictionary 300 (1983).

13. We find significant the fact that the Tort Claims Act was enacted in 1986, three years after the pertinent amendments to West Virginia Code § 23–4–2(c). Because the Legislature is presumed to be aware of its own laws, we can only assume that the omission of any limiting language from West Virginia Code § 29–12A–5(a)(11) is indicative of an intention to provide a broad, all-encompassing type of immunity.

**530**

tion by the court in *Arthur* that a "deliberate intent" claim does not arise under this state's workers' compensation laws for removal purposes is not the equivalent of a ruling that "deliberate intent" causes of action are not covered by workers' compensation or other employer liability law within the meaning of West Virginia Code § 29–12A–5(a)(11). Accordingly, we do not find *Arthur* to be at odds with the result reached in this case.

Based on the foregoing, we affirm the ruling of the Circuit Court of Marion County; answer the certified question [14] presented by the Circuit Court of Monongalia County in the affirmative and dismiss that action from the docket of this Court; and affirm the ruling of the Circuit Court of Kanawha County.

*Affirmed; Certified Question Answered and Dismissed; and Affirmed.*

RECHT, Judge, sitting by temporary assignment.