482 S.E.2d 171

**Jon R. GOODWIN and Diana L. Goodwin, Plaintiffs Below, Appellees,**

v.

**Robert and Florence HALE, Defendants Below, Appellants.**

**PATWIL HOMES, INC., a Pennsylvania Corp. Registered in West Virginia, Defendant and Third–Party Plaintiff Below, Appellee,**

v.

**Robert SMITH, dba R & S Construction, Third–Party Defendant Below, Appellant.**

Nos. 23265, 23266.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1996.

Decided Dec. 13, 1996.

Cheryl A. McCray, Hamstead, Hamstead & Williams, Morgantown, for the Goodwins.

Monica N. Haddad, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for the Hales.

Debra Scudiere, Furbee, Amos, Webb & Critchfield, Morgantown, for Patwil Homes.

Laurie L. Cryster, Susan S. Brewer, Steptoe & Jonson, Morgantown, for Robert Smith.

RECHT, Judge:[1]

This case presents for consideration two appeals emerging from a jury verdict returned in the Circuit Court of Monongalia County in favor of the plaintiffs below, Jon R. Goodwin and Diana L. Goodwin (hereinafter "Goodwin") in the amount of $330,000 against one of the defendants below, Patwil Homes, Inc. (hereinafter "Patwil"). Following the verdict, Patwil filed a motion for judgment notwithstanding the verdict under West Virginia Rules of Civil Procedure 50(b), which was denied by the circuit judge. Patwil appeals the order denying the motion notwithstanding the verdict. Also following

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

the verdict, the trial court entered a judgment in favor of Patwil against the third-party defendant, Robert Smith d/b/a R & S Construction (hereinafter "R & S"), upon an express indemnity agreement between Patwil and R & S. R & S appeals the judgment order requiring it to indemnify Patwil for any amount that Patwil must pay to Goodwin flowing from the verdict.[2]

Also following the verdict, the trial court reduced the amount of the verdict by a workers' compensation offset received by Goodwin from his employer, R & S. Goodwin has filed a cross-appeal challenging any workers' compensation offset.

Because the verdict is a result of an erroneous application of the legal standard of fault on the part of Patwil, we reverse the judgments against Patwil and R & S, and remand this case for a new trial consistent with the principles announced in this opinion.

## I.

### FACTS

Patwil is in the business of designing and having constructed residential dwellings. The method and manner that Patwil chooses to perform its business purpose is as follows: after designing a residential dwelling, it then enters into a series of contracts with various subcontractors whose specialty is a particular phase of residential construction, who collectively are engaged to complete the construction of the dwelling. Consistent with this construction scheme, Patwil entered into a contract to construct a Patwil home for Robert and Florence Hale. Patwil subcontracted the construction of the frame and roof of the dwelling to R & S. R & S is an experienced roofing contractor with whom Patwil had an ongoing relationship based on prior construction projects.

One of R & S's employees was Jon R. Goodwin who had been employed by R & S for a period of approximately two years prior to the events that form the basis of this civil action. Mr. Goodwin was a laborer for R & S and, at the time of the accident in August 1992, he was carrying a load of shingles to the roof of the single-story dwelling being constructed for the Hales and during the performance of that task, Goodwin slipped on a section of allegedly wet tar paper that was covering the roof, causing him to fall a considerable distance with a quantity of the shingles trailing him as he was falling, forcing him into a footer surrounding the perimeter of the dwelling. Mr. Goodwin sustained multiple injuries as a result of the fall, including a severe spinal fracture.

The Goodwins instituted a civil action in the Circuit Court of Monongalia County against Patwil and Robert and Florence Hale, the people for whom the residence was being constructed.[3] In reading the complaint, we find the possible source of confusion that has infected this case and requires our reversal. For some reason, the plaintiff alleges a "deliberate intention" theory of recovery under W. Va.Code 23–4–2(c)(2)(ii) (1994)[4] against Patwil even though all parties properly concede that Patwil was not Goodwin's employer.[5]

Patwil filed a third-party complaint, as authorized by W. Va. R. Civ. P. 14(a),[6] contend-

**2.** R & S also has appealed the judgment against Patwil in favor of Goodwin reasoning that if the judgment fails, it has no obligation under the indemnity agreement.

**3.** Plaintiff chose not to join his employer, R & S. The Hales were dismissed as defendants upon the granting of their motion for summary judgment at the pretrial conference on January 25, 1995. There has been no appeal from that decision.

**4.** W.Va.Code 23–4–2(c)(2)(ii) (1994) is commonly referred to as the "deliberate intention statute" by which an employer's workers' compensation immunity is removed, assuming that the ele-

ments of this section are met. *See Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. 138, 475 S.E.2d 138 (1996).

**5.** As we will discuss, the "deliberate intention" theory under W. Va.Code 23–4–2(c)(2)(ii) (1994) against Patwil was the only theory of recovery that was embraced within the jury instructions and which totally confounds this verdict.

**6.** W. Va. R. Civ. P. 14(a) provides, in relevant part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action

ing that R & S was obligated to indemnify Patwil under an express indemnification agreement between Patwil and R & S. R & S responded to the third-party complaint by attempting to avoid the application of the express indemnity provision, contending that the claim was barred by virtue of the exclusive remedy provisions of the West Virginia Workers' Compensation Act.[7]

At the conclusion of the plaintiff's case, Patwil decided to rest without offering any evidence. The trial court then proceeded to instruct the jury that they could return a verdict in favor of Goodwin if they found by a preponderance of the evidence that Patwil had violated the "deliberate intention" elements imposed upon an employer under W. Va.Code 23–4–2(c)(2)(ii) (1994). As we have mentioned, Patwil was not Goodwin's employer. The specific language of the instruction is as follows:

> With respect to plaintiffs claim against Patwil, the Court has ruled as a matter of law that Mr. Goodwin's claim is based upon conduct of his employer, R & S Construction, a sub-contractor, which is imputed to the general contractor, Patwil. In this case, therefore, any liability of the defendant Patwil is derivative from the conduct of its sub-contractor, R & S Construction.

> The Court has further ruled that since any liability of Patwil is derivative from the employer/employee relationship of the plaintiff and his employer, that the statutory standard for such a relationship must be met to establish the liability of the defen-

dant Patwil. The law provides that an employee may recover against an employer, and here the defendant Patwil, for a work-related injury. . . .

It is this instruction that is at the center of this appeal and is the reason why we are required to reverse and to remand this case.

## II.

## DISCUSSION

The trial court has made a valiant attempt to harvest some legal theory of liability derived from a complaint and proof which, to not put too fine a point on it, were extremely confusing.

As we read the complaint and the elements of the plaintiff's case-in-chief, the legal theory upon which the plaintiff sought to recover against Patwil was that the conduct of an independent contractor (R & S) can be imputed to one who engages that independent contractor (Patwil) providing that the injured employee (Goodwin) proves that the person who engages the independent contractor deliberately intended to injure the employee within the meaning of W. Va.Code 23–4–2(c)(2)(ii) (1994). This formula was the basis of the instruction that was given by the trial court upon which Patwil (as a non-employer) was held to the deliberate intention standard of an employer. That simply is not the law in West Virginia nor in any other jurisdiction as far as our research has developed.[8] The correct formulation of the theory

who is or may be liable to him for all or part of the plaintiff's claim against him.

7. We need not decide the merits of this contention; however, we are constrained to offer our comment that the deliberate intent exception contained in W. Va.Code 23–4–2 (1994) does permit a defendant to bring a third-party action on a contribution theory against the employer of the injured plaintiff. However, the ultimate recovery can only be obtained in the third-party action if the employer was guilty of a "deliberate intention" injury under W. Va.Code 23–4–2(c)(2)(i) or (ii) (1994). *See Sydenstricker v. Unipunch Products, Inc.*, 169 W.Va. 440, 288 S.E.2d 511 (1982). Of course, *Sydenstricker* applies to a contribution, as opposed to an express indemnity theory of recovery.

8. A variation on the formula of liability suggested by Goodwin is found in *Peneschi v. National Steel Corp.*, 170 W.Va. 511, 295 S.E.2d 1 (1982) where we held that when a party engages an independent contractor for the purposes of working with an abnormally dangerous instrumentality and an employee of the independent contractor is injured as a result of the abnormally dangerous instrumentality, there is no strict liability on the part of the person engaging the independent contractor. Certainly, if there is no liability on the part of one engaging an independent contractor to perform an abnormally dangerous task, there should be no imputed liability under a deliberate intention theory on the part of one engaging an independent contractor to perform a non-dangerous task.

of liability that Goodwin could assert against Patwil is found in Syllabus Point 1, *Hall v. Nello Teer Co.*, 157 W.Va. 582, 203 S.E.2d 145 (1974):

> A general contractor or the employer of an independent contractor [Patwil] has the duty to exercise ordinary care for the safety of an employee [Goodwin] of the independent contractor [R & S], and to furnish such employee [Goodwin] a reasonable safe place to work.

Because this entire case was built upon a fallacious legal foundation that made its way through an erroneous instruction to the jury, this verdict must be set aside.

■■■■ It is always the duty of the trial court to instruct the jury on all correct principles of law. Instructing a jury on a correct statement of the law applicable to the case is essential to a fair trial. "When a jury verdict is premised upon erroneous conclusions of law by the trial court, as stated in the judge's charge to the jury, it must be set aside." Syllabus Point 5, *State of West Virginia v.*

*Morgan Stanley & Co., Inc.*, 194 W.Va. 163, 459 S.E.2d 906 (1995).[9]

We realize that by remanding this case for a new trial we are forcing the plaintiff to retry their case, thereby expending additional time and resources, even though the prevailed under a heightened deliberate intention standard rather than a *Hall v. Nello Teer Co.* ordinary negligence standard, which is the theory of recovery the circuit court should have applied. However, the utter confusion that surrounds this verdict is so pervasive that we have no other alternative other than to remand this matter to the Circuit Court of Monongalia County for purposes of a new trial, only this time guided by a correct legal standard of liability.[10, 11]

Reversed and remanded.

---

9. The appellants did not precisely attack the jury instructions on the ground that it failed to instruct the jury on the correct principle of law. We have previously noted, however, that "while we would ordinarily not take note of errors not called to our attention, we have the plenary power—indeed, the duty—to notice errors to which no exception has been taken, if the error is obvious from the record or appellate briefs, and if it would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings, or otherwise result in a misleading application of the law." *Alkire v. First Nat'l Bank of Parsons*, 197 W.Va. 122, 127 n. 8, 475 S.E.2d 122, 127 n. 8 (1996) (citing *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); *Silber v. United States*, 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962) (per curiam)); *see also New York Cent. R.R. Co. v. Johnson*, 279 U.S. 310, 318–19, 49 S.Ct. 300, 303–04, 73 L.Ed. 706, *as amended by* 49 S.Ct. 417 (1929) ("[F]ailure of counsel to particularize an exception will not preclude this Court from correcting the error."); *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky.1991) ("When the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law.").

10. *See supra* note 9.

11. Because we are setting aside the verdict, we need not address the issues relating to the express indemnity between Patwil and R & S which should be resolved following the trial on the merits. Further, the issues raised within the cross-appeal of Goodwin relating to the workers' compensation offset need not be addressed because the entire workers' compensation scheme, including a deliberate intention standard within the meaning of W. Va.Code 23–4–2(c)(2)(ii) (1994) was not appropriate in this case and is expressly disavowed in this opinion. *See Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. 138, 475 S.E.2d 138 (1996). We do remind the trial court of the application of the collateral source rule in West Virginia in *Jones v. Appalachian Electric Power Co.*, 145 W.Va. 478, 488, 115 S.E.2d 129, 134–35 (1960) (stating that while it is well settled that a partial satisfaction of the injured plaintiff by one joint tort-feasor is a satisfaction, *pro tanto*, as to all, "it is inapplicable where a plaintiff has received compensation from a collateral source such as . . . [workers'] compensation benefits, accident and health insurance, or otherwise").