# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregg A. Tenney,**
**Plaintiff Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0618** (Monongalia County 12-C-26)

**Morgantown Utility Board, a**
**municipal utility,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION


Petitioner, by counsel Jacques R. Williams, appeals the Circuit Court of Monongalia County's "Order Granting Defendant's Motion to Dismiss" entered on April 9, 2012. Respondent, by counsel Tamara J. DeFazio and J. Robert Russell, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The following facts are not in dispute. On March 17, 2010, petitioner was at respondent's facility in his capacity as project manager for a third-party HVAC contractor.[1] He fell some fifteen to twenty feet when the catwalk on which he was walking collapsed. Petitioner was injured in the fall. He applied for and received workers' compensation benefits under his employer's policy.

In January of 2012, petitioner sued respondent, a political subdivision, alleging negligence by respondent's employees in the maintenance of the catwalk. Respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Respondent argued that because petitioner's loss was covered by his employer's workers' compensation policy, respondent was immune from liability pursuant to West Virginia Code § 29-12A-5(a)(11)(2008).[2] By order entered on April 9, 2012, the circuit court granted respondent's motion to dismiss. Petitioner appeals to this Court.

---

[1] Petitioner was employed by H.E. Neumann Company, an HVAC contractor.

[2] West Virginia Code § 29-12A-5(a)(11) states that, "[a] political subdivision is immune from liability if a loss or claim results from . . . [a]ny claim covered by workers' compensation law or any employer's liability law."

1

The standard of review for a circuit court's granting of a motion to dismiss a complaint or the granting of summary judgment is *de novo.* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995); Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioner raises two assignments of error. First, he argues that the circuit court erred by concluding that West Virginia Code § 29-12A-5(a)(11) is a "straightforward and unambiguous" statute conferring immunity upon political subdivisions. Petitioner contends that under a plain reading of the statute, the immunity only extends to a political subdivision when the plaintiff's personal injury results from the plaintiff's workers' compensation claim itself, not the injury that was ultimately covered by workers' compensation insurance.

We do not agree with petitioner's argument. Contrary to petitioner's assertion, the terms "loss," "claim," and "covered" in the statute do not render its meaning ambiguous. This Court has already addressed West Virginia Code § 29-12A-5(a)(11) and has concluded that the clear legislative intent is to afford a political subdivision immunity from liability if the following conditions are met:

> First, the plaintiff must have been injured by the negligence of an employee of a political subdivision. Second, the plaintiff must have received the injury in the course of and resulting from his or her employment. Third, the plaintiff's employer must have workers' compensation coverage. Fourth, the plaintiff must be eligible for such benefits.

*O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 603, 425 S.E.2d 551, 558 (1992). These elements are clearly met in this case. Moreover, in *O'Dell,* we found the provisions of West Virginia Code § 29-12A-5(a)(11) to be free from ambiguity, rendering the rule favoring liability over immunity inapplicable. *Cf. Randall v. Fairmont City Police Department,* 186 W.Va. 336, 412 S.E.2d 737 (1991). Accordingly, the circuit court did not err by concluding that respondent was entitled to immunity in this case.

Second, petitioner contends that the application of West Virginia Code § 29-12A-5(a)(11) violates his equal protection rights under the West Virginia Constitution. His argument is premised on West Virginia Code § 29-12A-18(b)(2008), which provides that "[t]his article does not apply to, and shall not be construed to apply to . . . [c]ivil actions by an employee, or the collective bargaining representative of an employee, against his or her political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." Petitioner argues that, under West Virginia Code § 29-12A-18(b), an employee of a political subdivision can maintain a negligence action against his political subdivision employer, but as an employee of a third-party contractor, he cannot.

We have held that West Virginia Code § 29-12A-5(a)(11) applies to both employees of political subdivisions and non-employees alike. *O'Dell, supra; Michael v. Marion Co. Bd. of Educ.,* 198 W.Va. 523, 482 S.E.2d 140 (1996); *State ex rel. City of*

2

*Martinsburg v. Sanders,* 219 W.Va. 228, 632 S.E.2d 914 (2006). There is no distinction of a constitutional magnitude between the two classes of individuals. Therefore, under the facts of this case, the circuit court's application of the statute to afford respondent immunity does not violate the Equal Protection Clause of the West Virginia Constitution.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II